JOHN DEVEREAUX *v.* AMOS B. COOPER.

CHITTENDEN,
January,
1839.

*(In Chancery.)*

It is the duty of the defendant, in his answer to a bill, to admit or deny every material allegation, in the stating or charging part of the bill, and which comes within his personal knowledge. If not within his personal knowledge, but he has had information concerning them, aside from the bill, he must state his *belief* in regard to such matters, and if he do not, the defendant, upon exceptions to the answer, will be required to answer further. But when the case is set down for hearing, on bill and answer, and the parties agree that all matters, alleged in the bill and not expressly denied in the answer, shall be taken as proved, the court will decree accordingly.

If a father convey to his son real estate for the consideration of securing his maintenance, and the son die insolvent, during the lifetime of the father, this court will quiet the title in the father, especially when the father took a life lease of the estate, and the son had disposed of a portion of the estate during his life time, which was not included in the decree, there being no claims for past maintenance insisted upon by the administrator.

THIS was a bill brought by the orator against the defendant as administrator of the estate of Heman Devereaux, late of Richmond, deceased, praying this court perpetually to enjoin the defendant from selling a certain messuage or tenement in said Richmond, consisting of a house and about 30 acres of land, which the bill alleged had been conveyed by the orator to the intestate, in his life time, under a contract on the part of the latter to support the orator and his wife during their lives, and also praying that the defendant be decreed to release to the orator the said tenement, or make provision for such support of the orator and his wife.

The bill stated, that the orator conveyed the premises in question, together with a small wood lot, to the intestate, and that the intestate thereupon executed a life lease of the said premises and wood lot to the orator and his wife, and also a bond for their support and maintenance during their natural lives; which lease and bond were set forth in said bill *in hæc verba*: that the intestate entered into possession of the said house and land, and remained in possession thereof, with the orator, until the death of the intestate. The bill further stated, that the intestate died insolvent, without having any other property than the estate so conveyed to him by the orator, and without having made any provision for the support of the orator and his wife.

CHITTENDEN,
January,
1839.
———
Deveraux
v.
Cooper.

The defendant answered, that the thirty acres of land, mentioned in the orator's bill, was appraised, subject to the incumbrance of the said life lease, at $46, and that there was also included in the inventory articles of personal property appraised at $182,65, the greater part of which was assigned to the widow of the intestate; that the wood lot, mentioned in the orator's bill, was sold and conveyed by the intestate, in his life time, to one Horace L. Nichols, and was therefore not inventoried; that the expenses of administering said estate would absorb the whole, or nearly the whole, of the estate left after the assignment to the widow, leaving little or nothing for the creditors of the estate.

The defendant, in his answer, further stated, "that, as to " any knowledge of this defendant touching the consideration " of this deed of the thirty acres and of the wood lot, he " knows nothing except what he derives from the deed, lease " and bond mentioned in the orator's bill."

The case having been heard upon bill and answer, the opinion of the court was delivered by

REDFIELD, Chancellor.—It seems to have been considered by the counsel in this case, and so the court have considered the matter in coming to a determination, that the allegations in the bill are admitted by the answer.

The court have been induced to consent to this course, in order to save delay and expense to the parties, in a case where the decree is merely formal. But as all cases are now required to be reported, lest this should be drawn into precedent, and thereby mislead the profession in regard to the course of practice in this court, it is necessary to say that the answer does not expressly either admit or deny the alleged consideration of the deed from the orator to his son. This fact being material in the case, and explicitly alleged in the stating part of the bill, it became necessary for the defendant to deny all knowledge and information upon the point, in order to excuse himself from either admitting or denying the truth of the allegation. *Morris* v. *Parker*, 3 Johns. Ch. R. 297. If the defendant has any information upon a material matter alleged in the bill, aside from the bill itself, he is bound to state his *belief* of the truth or falsity of the allegation.— *Smith* v. *Lasher, et al.* 5 Johns. Chancery R. 247. So that

CHITTENDEN,
January,
1839.

Devereaux
v.
Cooper.

in the present case, as the defendant, in his answer, in relation to the consideration of the orator's deed to his son, says that he "*knows* nothing except what he derives from the deed, bond, and lease mentioned in the orator's bill," the allegation is not strictly formal, and, upon exceptions to the answer, the defendant could be required to say whether he believes the consideration alleged in the orator's bill is the true consideration of the deed. This, under our system, would cause a delay of another year at least. The defendant seems to have considered his answer equivalent to an admission, that the consideration expressed in the bill was the true consideration of the deed. This, perhaps, is the fair construction of the answer. It refers to the deed, lease and bond, as containing all of defendant's information upon the subject. These are set forth in the orator's bill *in hæc verba*. In those writings it is expressly declared, under the hand and seal of the defendant's intestate, that the consideration of the deed was the bond executed by the intestate for the orator's and his wife's support, during life.

Waiving the technical difficulty alluded to, which the parties seem to have disregarded, there does not appear to be much ground of doubt of the orator's right to hold the land, which the defendant has inventoried as part of Heman Devereaux' estate. The contract of maintenance between father and son seems to be one, in some sense, of a personal character, and one which it would be very difficult, or indeed impossible, for the creditors or the administrator to perform. Heman Devereaux has already had the benefit of one portion of the estate, which he conveyed to a person not a party to the bill, and which could not be reached by this bill. It is but a few years since the contract was made, and the son seems to have had the benefit of some portion of the property, admitted by the answer, and no further claim is insisted upon in the answer. Upon the whole, we are inclined to quiet the title of the remaining portion of the real estate in the orator. As there might be some difficulty in describing a conveyance, and a decree in a different form will be equally efficient in granting the title;—

It is ordered and decreed, that all that portion of the estate mentioned in the orator's bill, and inventoried by defendant as belonging to the estate of Heman Devereaux, be

CHITTENDEN,
January,
1839.
———————
Devereaux
v.
Cooper.

transferred to and forever quited in the orator, and that he cause the decree of this court in the premises, drawn up in proper form, to be recorded in the office of the town clerk of the town of Richmond within sixty days from the rising of this court.