May Term, 1841.

FELLOWS
v.
KRESS.

---

FELLOWS and Another v. KRESS, for the Use of MARSHALL.

In assumpsit by A. against B., one of the questions raised by the pleadings was, whether a certain note executed by the former to the latter had been satisfied. It appeared that A. had transferred certain property to B.'s agent, and that the latter had thereupon delivered the note to the former. Held, that such delivery of the note was not conclusive evidence of its payment, and that testimony by the defendant tending to prove its non-payment was admissible.

A. being indebted to B. agreed with him in writing to sell him certain boats and cargoes, and B. in consideration thereof promised that he would forbear to sue, &c., and would constitute A. his agent to sell the property and remit the proceeds, &c.; and, by the agreement, if A. failed to remit, &c., B. had a right to annul the contract. At the time of making said agreement, A. executed to B. a bill of sale of the property, and the latter gave the former a power of attorney to sell the same, &c. Held, that the three instruments of writing formed but one contract, and that B.'s right to annul, &c. extended to the whole.

APPEAL from the *Lawrence* Circuit Court.

SULLIVAN, J.—The proceedings in this case were commenced by *Kress* under the act relative to foreign attachments. The appellants appeared in the Court below and entered special bail. *Kress* thereupon declared against them in assumpsit. The facts of the case, so far as they are necessary to be stated, were, that *Kress* being indebted to the appellants in a large sum of money, part of which was by promissory note bearing date the 21st of *December*, 1836, for the sum of 8,618 dollars and 89 cents, and being also largely indebted to various other persons, on the 9th of *March*, 1837, entered into an agreement with the appellants, by which he undertook to sell and transfer to them three flat bottomed boats loaded with pork, bacon, lard, &c., then ready for market, and they in consideration that he would do so, promised that they would forbear to sue, &c., and that they would constitute him their agent to sell said boats and cargoes and remit to them the proceeds. They furthermore undertook to make such distribution of the proceeds among the creditors of *K.* as he should direct; and if *K.* should fail to remit within a reasonable time, it was expressly agreed that the appellants should have the right to annul said contract, and proceed to collect their debt by due course of law. Simultaneously with the execution of said agreement, a bill of sale from *K.* to the appellants transferring the said boats and their cargoes, and a power of attorney from the appellants to *K.* to sell and remit, were also executed. *K.* took possession of the boats and cargoes, and having failed to pay over according to the expectation of the appellants, they despatched an agent in the month of *June*, 1837, in pursuit of him, with full power to annul the contract and bring suit against *K.* for the debt due to them. On the 7th of *July* following, the agent having found *K.*, the contract was annulled, and *K.*, to avoid arrest, delivered to the agent of the appellants 4,170 dollars in depreciated paper, and transferred to him two boats and their contents. The agent thereupon delivered to *K.* the promissory note for 8,618 dollars and 89 cents.

The declaration contained three counts. The first was on the special agreement of the 9th of *March*, 1837, alleging

May Term, 1841.

FELLOWS
v.
KRESS.

*Thursday,*
*May 27.*

that large sums of money belonging to *K.* had come to the possession of the appellants, for which they had refused to account. The second count was indebitatus assumpsit for pork, bacon, lard, &c. sold and delivered. The third was for the proceeds of a certain note drawn by *E. Gale* for the sum of 5,000 dollars, for which appellants had refused to account. The defendants (the appellants in this Court) pleaded, 1st, non assumpsit; 2dly, payment, with special matter of set-off containing, amongst other things, the note for 8,618 dollars and 89 cents as a demand against *K.* The plaintiff, according to the statute which allows several replications, amongst others; replied to so much of the second plea of defendants as related to the note for 8,618 dollars and 89 cents, that on the —— day of —— he delivered to one *B. J. Adams,* the agent of said *W.* and *C. Fellows,* two flat bottomed boats loaded with pork, bacon, lard, &c. in full satisfaction and discharge of said note, and which were accepted and received by them, &c. Rejoinder, denying the accord and satisfaction.

The issues were tried by a jury. Verdict and judgment for the plaintiff.

On the trial, the plaintiff in the Court below having proved the transfer of the boats and cargoes to the agent of the appellants, and the delivery of the note for 8,618 dollars and 89 cents to him by the agent, the defendants offered to prove that after the boats and cargoes had been disposed of by them, and the proceeds received by them, *K.* called on them at *Louisville* for an account, and "spoke of" the said note as being unpaid. The plaintiff objected to the testimony, and the Court excluded it. We think the testimony should have been admitted. It bore directly upon the issue between the parties. The delivery of the note to *K.* by the agent of the appellants, was not conclusive evidence that it had been paid or discharged. The tendency of the testimony offered was to prove that it was still unpaid. Whether the testimony, if allowed, would have produced a different result, we do not know. In a transaction, so confidential in many of its parts as this was, it may have done so. That, however, is not for us to determine at present.

The testimony was admissible under the issue, and the appellants should have had the benefit of it.

The Court also erred in refusing to give certain instructions to the jury. The record informs us, that the defendants in the Circuit Court moved the Court to instruct the jury, that the three papers shown in evidence by the plaintiff dated *March* the 9th, 1837, viz., the agreement signed by the plaintiff and the defendants, the bill of sale by the plaintiff to the defendants, and the power of attorney by the defendants to the plaintiff, constituted but one contract, and the right of annulling named in the first, was a right to annul the whole. The Court refused so to instruct the jury. We are of opinion that the instruments of writing referred to constituted but one contract. The bill of sale and the power of attorney were executed at the time the agreement was entered into, and in conformity with its provisions. They were parts of the same transaction. The right to annul was simply a right to restore the property to *K.*, and to proceed against him by legal means for the recovery of the debt due the appellants. To annul a part of the contract without annulling the whole, would be contrary to its spirit.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. W. Payne* and *R. Crawford,* for the appellants.
*J. G. Marshall* and *R. W. Thompson,* for the appellee.