Blackford, J.
This was an action of debt, brought by the appellant against the appellee, on a penal bond dated the 12th of June, 1839.
The declaration sets out the condition of the bond which is to the following effect: That if, as soon as the plaintiff paid four certain notes which the defendant had assigned to one Thompson, and two other notes which the defendant held against the plaintiff, all of which notes were payable on the first of January, 1840, the defendant should convey to the plaintiff a certain lot of ground in the town of Milford and county of Warren, then the bond to be void. Averment, that the plaintiff afterwards,' to wit, in October, 1839, and before the notes became due, paid the notes to the persons entitled; and that afterwards, in February, 1840, he demanded of the *121 defendant a deed for the lot, which deed was refused, &c. Whereby, &e.
There are three pleas.
1, That the plaintiff did not pay the notes at the time they became due, nor at any other time, &c.
2, That the plaintiff, in order to secure the payment of the notes mentioned in the condition of the bond, executed a conveyance in fee for the lot to the defendant on the 12th of June, 1839, which conveyance was absolute on its face, but which was intended as a security for the payment of the notes; that the bond sued on was executed at the same time with the conveyance, was a part of the same transaction, and was a de-feasance to the conveyance; that in October, 1839, *and before the notes became due, the plaintiff paid the notes, and the estate was thereby revested in the plaintiff.
3, This plea sets out the same facts that the second contains, respecting the execution of the conveyance to secure the payment of the notes, and the execution of the bond as a defeasance, &c. It then avers, that one Stewart and others afterwards obtained a judgment in the Warren Circuit Court against the plaintiff, and that the defendant, on the 5th of December, 1839, purchased the lot described in the declaration at a sheriff’s sale 'on an execution on the judgment.
Issue was joined on the first plea, and general demurrers were filed to the second and third.
The demurrers were overruled, and final judgment rendered for the defendant.
The demurrer to the second plea should have been sustained. It is true, that the conveyance and bond, as stated in the plea, amount to a mortgage; 1 Powell on Mort., 4; Peterson v. Clark, 15 Johns., 205; but yet as the defendant had expressly covenanted to reconvey the land to the plaintiff on the due payment of the mortgage-debt, he was bound, when the payment was so made, to execute the conveyance on demand, and his refusal to do so was a breach of the condition of the bond. It was not the agreement of the parties, that the conveyance should be void if the debt were duly paid, but that if the payment should *122 be so made, the defendant wpuld reconvey the lot. The due payment of the debt, therefore, did not revest the title in the plaintiff; but it gave him a right to demand a reconveyance. 1 Powell on Mort., 9, note.
The facts stated in the third plea, like those contained in the second, show the transaction between the parties to be a mortgage, and the validity of that plea, therefore, depends on the single question, whether the plaintiff, at the time of the sheriff’s sale, had such an interest in the lot as was subject to be sold on execution? We have the following statutory provision: “The personal and real estate of every individual, company, body politic or corporate, including, his, her, or their goods, chattels, lands, tenements, and hereditaments, be and the same are hereby made subject to execution, &c.” Rev. Stat. 1838, p. 276. An equity of redemption on a mortgage in fee is not a mere right to file a bill to redeem; *but the mortgagor has in' equitjq before foreclosure, an actual estate in the land, which estate he may devise, mortgage, or alien by deed. It affords a right to a husband to be tenant by the curtesy under the seisin of his wife; and it is descendible' to heirs. Casburne v. Inglis, 2 Jacob and Walker, 194, note; 3 Preston on Abstracts, 289; 4 Kent’s Comm., 159, 160. We think, therefore, that the mortgagor’s estate in land mortgaged in fee, is embraced by the words real estate contained in the statute to which we have referred, and may be accordingly sold on an execution at law by virtue of that statute. That being the law where the mortgage is in the usual form and the-debt unpaid, it follows that in the case before us, whether the notes had been paid or not before the sheriff’s sale, the plaintiff’s interest in the lot, though not a legal estate, -was subject to the execution and sale mentioned in the plea. That the equity of redemption on a mortgage in fee, the mortgagor being in possession, may be sold on execution, is decided by the Court of Errors in New York on 'a statute similar to ours. Waters v. Stewart, 1 Caines’ Cas. in Error, 47. It is true, the plea we are considering does not aver that the plaintiff was in possession at the time of the sale, but we do not *123 conceive that circumstance to be material, no adverse possession being shown.
R. A. Chandler, for the appellant.
P. C. Gregory, for the appellee.
The declaration is objected to on the ground that it shows there was no valid consideration for the bond sued on, the consideration being a pre-existing debt. .This objection is answered by a reference to the facts contained in the third plea. In showing the transaction to amount to a mortgage, the plea admits that there was a valid consideration for the bond. The defect in the declaration, therefore, though a substantial one, is cured by the express admissions of the plea. 1 Chitt. on Plead., 710.(1)
Per Curiam.—The judgment is affirmed with costs,

 The following are instances of defects in declarations cured by pleading over. “ In an action of debt on a bond, where the declaration specified no place at which the bond was made, it was held that a plea of duress ‘ apud B.’ supplied the omission in the declaration; as such a plea contained a distinct admission that the bond was made at the place where the alleged duress was. Dyer, 15 a; Com. Dig. Pleader, C., 85. In an action for slander, where the declaration averred that the plaintiff was forsworn, without showing how, it was determined that this defect was aided by a plea of justification, which alleged that the plaintiff, who was stated in the declaration to be a constable, had taken a false oath at the sessions. Cro. Car., 288; Com. Dig., ut sup. And again in an action of trespass for taking a hook, where the plaintiff omitted to state that it was his hook, or that it was in his possession; and the defendant, in his plea, justified the taking of the hook out of the plaintiff's hand, the Court held, on motion in arrest of judgment, that the omission in the declaration was supplied by the plea. Sid., 184; Bac. Ab. Trespass, 603; ” 1 Chitt. Pl., 710. Vide, also, Wilson v. Merkle et al., post., 118.