CHANCERY.              Scott's heirs *vs* Scott & M'Clure.

ERROR TO THE CALLOWAY CIRCUIT.

Case 2.        *Rescission of Contracts.    Continuing consideration.*

September 8.   CHIEF JUSTICE ROBERTSON delivered the opinion of the Court.

Case stated.   SAMUEL SCOTT having conveyed his land in Hickman county, in this State, to one of his sons, *Larkin*, the latter made an ostensible sale of it to his brother-in-law, *Hugh M'Clure*, and removed to Memphis in Tennessee, leaving his aged father and mother in helpless destitution. *M'Clure* soon obtained forcible possession of the land; and thereupon *Samuel Scott* sued him and *Larkin Scott* in Chancery for a rescission, on the alledged ground of combination and fraud in procuring the conveyance, and also, because, as charged, the consideration was a verbal undertaking by *Larkin*, to live with his parents on the land, and maintain them during their lives, and he had deserted them, subjected them to eviction, and refused to maintain them or provide for their maintenance.

Before any answer had been filed, *Samuel Scott* was killed, and the bill was revived in the names of his heirs, excepting the said *Larkin*. The bill, as revived, was taken for confessed against *M'Clure*, and was answered by *Larkin Scott*, who denied the alledged fraud and consideration of maintenance; alledged that he had rescinded his transfer to M'Clure, and affirmed that the land was intended for himself and two of his younger brothers, and was therefore conveyed to him in confidence that he would pay to each of those brothers $60, one of whom had since been paid by the said M'Clure, who had not been reimbursed, notwithstanding the alledged rescission with him.

Decree of Circuit Court.   The Circuit Judge dismissed the bill absolutely, and this writ of error brings up that decree for revision.

The facts, as fairly deducible from the pleadings and depositions, conduce persuasively to the conclusion, that the alledged agreement for maintenance was the chief consideration of the conveyance by *Samuel Scott* to his

son *Larkin;* and this deduction is fortified by the obvious improbability of a pure and unqualified gift, without retaining means of subsistence in cheerless old age. The conveyance is not exhibited in the record; but from the bills and answer, we infer that it contains nothing inconsistent with the proof by witnesses of the consideration of maintenance—and therefore such testimony now seems to be admissible.

SCOTT'S HEIRS
*vs*
SCOTT & M'-
CLURE.

In our opinion, the record authorises the judicial conclusion, that the consideration of the conveyance was as alledged in the original bill, and that it has totally failed.

We are strongly inclined, moreover, to apprehend that there was a fraudulent combination between *M'Clure* and *Larkin Scott,* one of them, (M'Clure,) as believed by some of the witnesses, killed Samuel Scott; and then they cancelled their pretended contract, and M'Clure never answered.

We are therefore of the opinion, that the facts in the record, as now exhibited, would authorize a compulsive cancellation of the conveyance to *Larkin Scott.* Had there been no other ground for such relief than the non-fulfilment of the continuing consideration of maintenance, the principles of equity, as recognized and authoritatively applied in the case of *Jenkins* vs *Jenkins (3d Monroe,* 327,) would nevertheless have abundantly authorised it in a case properly prepared between all the proper parties.

When consideration of a conveyance of land by father to son is *continuing,* such as maintenance, if the son fail to perform it, the chancellor will rescind the contract—and parol evidence is competent to prove such to have been the considration, when it is not contradicted by the deed.

But the surviving wife, who is essentially interested in the consideration, as well as the land, should have been a co-party with her deceased husband's heirs—nevertheless, as the absolute dismission would bar any future suit by the heirs, it must be reversed, and the cause remanded, with instructions to allow reasonable time for making the widow of *Samuel Scott,* dec'd. a party, and for such further proceedings and decree as shall be proper and consistent with this opinion.

In such case, on the death of the father, (grantor) the widow surviving is a necessary party.

*Husbands* for plaintiffs.