May Term, 1853.

RUSHVILLE AND SHELBY-VILLE RAIL-ROAD COMPA-PANY v. McMANUS.

---

THE RUSHVILLE AND SHELBYVILLE RAILROAD COMPANY *v.* McMANUS.

Where it seems by a statement in the record that a demurrer was filed and sustained to a pleading, but the demurrer itself does not appear, no question can arise upon it on error.

In a suit to recover the amounts of an engineer's estimates for work done for a railroad company, the declaration left the amounts blank, and the Court allowed the plaintiff to supply the blanks by inserting the amounts. The defendant having applied for a continuance, without

May Term,
1853.

RUSHVILLE
AND SHELBY-
VILLE RAIL-
ROAD CO.
v.
McMANUS.

showing that he was prejudiced by the amendment, *held,* that the continuance was properly refused.

Where several facts must be proved to maintain the issue, the Court must admit any legitimate evidence, whenever offered, tending to establish either fact.

If the party adducing such evidence does not also adduce evidence tending to establish the other facts, the Court should, when requested, instruct the jury to disregard the evidence as to that fact.

Where the bill of exceptions does not profess to contain all the evidence, the Supreme Court will presume that all the testimony necessary to sustain the verdict was adduced.

ERROR to the *Rush* Circuit Court.

ROACHE, J.—This was an action of debt brought by *Terence McManus* against the plaintiffs.

The declaration contains the common counts for work and labor, and two special counts on a contract under seal between the parties.

The contract set out, was an undertaking by *McManus* to do certain work on the railroad of the defendants, on terms and at prices therein specified. It was provided that the work should be done under the supervision and direction of the engineer or agent of the company; that if any extra work, the price of which was not fixed by the agreement, should be performed by the direction of such engineer or agent, it should be paid for at a fair and reasonable price, to be determined by such engineer or agent, after a full examination of the circumstances under which such work should have been performed; that during the progress of the work, the engineer should, from time to time, as often as the board of directors should deem necessary, make estimates of the amount of work done, and of the relative value thereof, according to the stipulations of the agreement, and should make out a certificate of such estimates, on presentation of which to the company, an order should be issued, reserving 10 per cent. thereof until the completion of the work; and that when the work was finished, the company would pay the sum which the engineer or agent having charge of the line, should estimate to be due agreeably to the terms of the contract, within ten days after notice in writ-

ing should be given them by such engineer or agent that said work was completed. It was further agreed that the estimate and certificate of the engineer should be final and conclusive between the parties. This is all of the contract necessary to be stated.

It was averred that the plaintiff had performed the work, and that the same had been estimated by the engineer of the company, and duly certified, according to the stipulations of the agreement.

There seems to have been a demurrer filed and sustained to the declaration; but as no demurrer appears in the record, no question can arise upon it here.

The record does show, however, that upon leave of the Court, the plaintiff amended the two special counts, by inserting at the proper places, the amounts of the engineer's estimates, which had been left blank, as follows, to-wit, the sum of 4,931 dollars and 36 cents. Upon the making of this amendment, the defendants moved the Court to continue the cause to the next term. The motion was overruled.

The defendants filed thirteen pleas, all resulting in issues of fact. The fourth plea to the first special count, and the tenth to the second count, denied that the engineer of the company had estimated the work performed and furnished certificates thereof to the defendant, as averred in the declaration.

No question arises upon any other of the pleas, and they are therefore omitted.

The cause was submitted to a jury, who found a verdict for 1,100 dollars in favor of the plaintiff. Motions for a new trial and in arrest of judgment overruled, and judgment on the verdict.

On the trial, after the introduction of the agreement declared on, the plaintiff read in evidence, without exception, an estimate of work performed by him, made by J. H. Sprague, the engineer of the company. He then offered to read to the jury, in support of the second special count, another estimate, all the items of which were embraced in the estimate previously read, except the last,

May Term,
1853.

RUSHVILLE
AND SHELBY-
VILLE RAIL-
ROAD CO.
v.
McMANUS.

which was in these words: "Amount allowed *McManus* on section No. 1, for extra work, and reported to the board, in stock, $600.00." Upon introducing this estimate, the plaintiff proved that it was made by the said *J. H. Sprague*, who, at the date of its execution and during the performance of the said work, was the engineer of the defendant; but without, previously to his offer to read it, making any proof that said estimate had been certified to said defendant, or any notice of its existence given to the defendant, except so far as its contents were embraced in the estimate already given in evidence.

The defendant thereupon objected to the admission of the document, but the Court overruled the objection, and permitted it to be read to the jury.

Two grounds are assigned by the plaintiffs in error for the reversal of this judgment.

1. The refusal of the Court to continue the cause to the next term, on account of the amendment of the declaration.

The plaintiff in error insists that the amendment was a material one, and entitled him to a continuance as a matter of course. In this we think he is mistaken. The defendant was fully apprised by the declaration of all the material facts constituting the cause of action. The contract was set out at length, and it was averred that the plaintiff had performed all the work; that the engineer of the company had made his estimate and duly certified the same to the defendant, in compliance with the terms of the contract; but the declaration omitted to insert the amount of such estimate. It was, therefore, only a question as to filling a blank. It certainly presents no stronger case for a continuance than the alteration of a pleading to make it correspond, as to dates and sums, with "the record, document, or written instrument," adduced on the trial in support of such pleading. Such amendments are not cause of continuance, unless it is made to appear that they will operate to the prejudice of the party in the conduct of his defence. The record does not show that

the defendant in any way offered to show that this amendment would have any such effect.

The ruling of the Circuit Court was correct. See *Nimmon* v. *Worthington*, 1 Ind. R. 376.

2. It is alleged that the Court erred in allowing the introduction of the second estimate offered to be read, without requiring previous proof of its having been certified by the engineer to the defendant, according to the provisions of the contract.

It was necessary for the plaintiff, in order to establish the defendant's liability, to prove both facts, the estimate and the certificate. But he had the right to adopt his own course as to which fact he would prove first. It was the duty of the Court to admit any legitimate evidence, whenever offered, tending to establish either fact. The evidence was under the issue, being the very evidence agreed on by the parties as conclusive between them. See *Forsyth* v. *Ganson*, 5 Wend. R. 558.—*Stephenson* v. *Doe*, 8 Blackf. 508.—*Throgmorton* v. *Davis*, 4 *id*. 174. It is clear, therefore, that it was properly permitted by the Court to go to the jury. Of itself, however, it was not sufficient. If the plaintiff had failed to make out the other link, the certificate, the Court should have been called on to instruct the jury to disregard the evidence, as incomplete. The bill of exceptions does not profess to contain all the evidence given in the case, and we presume, therefore, that all the testimony necessary to sustain the verdict was adduced.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*J. S. Newman*, *R. S. Cox*, and *A. W. Hubbard*, for the plaintiffs.

*S. W. Parker*, for the defendant.