Nov. Term,
1853.

LEACH
v.
LEACH.

This is not shown in the present case. See *Loveland* v. *Jones, ante,* p. 184.

*Per Curiam.*—The judgment is affirmed with costs.

*H. F. Kiger,* for the plaintiffs.

*C. Baker,* for the defendant.

LEACH *v.* LEACH.

*A.* conveyed his farm to *B.,*his son, by deed, for the nominal consideration of 1 dollar. At the same time, *B.* executed a-bond to *A.,* in which, after reciting the conveyance, in consideration thereof, he bound himself to cultivate the farm in a husbandlike manner, and to deliver to *A.,* during his life, one-third of the produce, &c. *B.* having failed to deliver the produce as stipulated, *A.* filed his bill to cancel the deed and for an account, &c. *B.* proved upon the hearing the payment of a small amount of money upon the land, but admitted in his answer that the principal consideration was the execution of the bond.

*Held,* that the deed and bond were but parts of one contract, and were to be treated as a single instrument.

*Held,* also, that *B.* held the land upon a condition subsequent, that he would, in all things, substantially comply with his covenant.

*Held,* also, that *B.'s* failure to perform the covenant was a breach of that condition and worked a forfeiture of the estate.

*Held,* also, that chancery might properly interfere to set aside the conveyance.

*Held,* also, that upon setting aside the conveyance, an account should be taken, and *B.* should be allowed for the money consideration paid by him, with interest, and for his improvements, and all rents paid; and that he should be charged with the rents of the whole farm, including the part cleared by him, from the time he went into possession.

*Saturday,*
*December* 31.

ERROR to the *Floyd* Circuit Court.

ROACHE, J.—Bill in chancery by *John S. Leach* against *Jacob B. Leach.*

In 1834, the plaintiff and his wife conveyed to the defendant, his son, the farm on which the former resided, for the nominal consideration of 1 dollar. Contempora-

neously with the execution of the deed, the son executed
a bond to the father, in which, after reciting the convey-
ance, in consideration thereof, among other stipulations,
he bound himself to cultivate the farm in a husbandlike
manner, and to deliver to the grantor, during his life, the
one-third of the produce, that is to say, one-third of the
grain, potatoes, &c.

The plaintiff filed the bill, alleging the defendant had
violated the condition subsequent on which he held the
title, by failing for years to deliver the one-third of the
produce of the farm, and praying that the deed might be
canceled, and an account taken.   The defendant an-
swered, admitting the execution of the bond to have been
the principal consideration for the conveyance, but asserts
there was a small pecuniary consideration which he paid,
and denies that he had failed to deliver the stipulated
amount of produce.

. A good deal of evidence was introduced on both sides,
and on the hearing the Circuit Court dismissed the bill.

The deed and the bond are but parts of one contract,
and are to be treated as together constituting a single in-
strument.   *Fellows* v. *Kress*, 5 Blackf. 536.—*Sewall* v.
*Henry*, 9 Ala. R. 24.—*Watkins* v. *Gregory*, 6 Blackf. 113.

The defendant held the land upon a condition subse-
quent, that he would, in all things substantially comply
with his covenant.   In such case, a failure to perform the
obligation is a breach of the condition subsequent and a
forfeiture of the estate, and forms a proper subject for
the interference of a Court of chancery.   *Jenkins* v. *Jen-
kins*, 3 Mon. 327.—*Scott* v. *Scott*, 3 B. Mon. 2.—*Devereux*
v. *Cooper*, 11 Verm. 103.—*Hefner* v. *Yount*, 8 Blackf. 455.

Upon a careful review of the evidence, we have come
to the conclusion that it is clearly established that the de-
fendant has not substantially performed the obligation of
his bond.   The payment of the small pecuniary conside-
ration was not sufficient.   Manifestly, the leading consi-
deration which moved the father to make the conveyance
was to secure to himself and his wife a support in their
declining years.   The contract was highly advantageous to

Nov. Term,
1853.

the son.  For a very disproportionately small sum in money, and a payment for the few remaining years of the father's life of the same rent he would have had to pay to any one else for the use of land, he became the owner in fee of the farm.   Even this pittance he failed to pay, and besides denies to his father the use of the dwelling on the farm in which he had lived, because it was not specifically mentioned in the bond.

The undertaking to pay the rents was the leading consideration of the deed, and without which it is evident it would not have been made.   The failure to comply with that obligation worked a forfeiture of his estate.

Upon setting aside the conveyance it was proper to take an account.   The defendant should be allowed for the money consideration, so far as he could prove he had paid it,with interest; for the improvements made, and all rents paid; and should be charged with the rents of the whole farm, including that portion by him cleared, from the time he went into possession of it.   This is the proper and only mode of restoring the parties to their original situation.

*Per Curiam.*—The decree is reversed with costs.  Cause remanded for further proceedings in accordance with this opinion.

*R. Crawford*, for the plaintiff.
*J. Collins*, for the defendant.