Frizzle *v.* Dearth et als.

ELIJAH FRIZZLE *v.* FREDERICK P. DEARTH, DOROTHA DEARTH *his wife*, ELVIRA FRIZZLE AND AMANDA FRIZZLE.

[IN CHANCERY.]

*Mortgage for support of mortgagee.*

The orator in the present case having a mortgage for his support, the condition of which had not been performed, had retaken possession of the premises and for several years supported himself;—*held* entitled to a decree quieting in himself the absolute title to the premises.

APPEAL from the decree of the court of chancery. The orator in his bill alleged that on the fifth of May, 1845, he owned certain lands in Canaan, of the value of fifteen hundred dollars; and to secure to himself and his wife Mary, who were old and infirm, their support for life, he conveyed the same to his son Amasa Frizzle, together with certain personal property; and his said son Amasa thereupon gave to the orator an obligation or promise in writing to pay him and his wife annually, during their lives, eight bushels of wheat, ten bushels of buck-wheat, four bushels of corn; fifty bushels of potatoes, three hundred pounds of pork, twelve pounds of tea, six pounds of snuff, six pounds of tobacco, six pounds of salæratus, seventy-five pounds of sugar, fifteen pounds of tallow, twenty pounds of butter, seventy-five pounds of cheese, one bushel of salt, and good comfortable clothing, and shavings and fire-wood; and further agreeing to keep for them one cow and one horse, during their lives, if they should want it, and in case of sickness to furnish doctoring, and a good comfortable home to live in during their lives; and secured the same by a mortgage of said premises, in the condition of which he also agreed to pay $200, on a previous mortgage on said premises, to Gilbert L. Frizzle and Stillman Blood; that the said Amasa performed said agreement until his death which occurred on the 24th of February, 1848; after which his widow Dorotha performed said agreement, until the first of January, 1849, when, the said two hundred dollars on the previous mortgage being still unpaid, and the said Doratha being unable to pay the same, or further perform said agreement, it was agreed that the contract should be rescinded, and the orator reinstated in his title to the premises; and to accomplish this object, the obligation of the said Amasa was delivered up to

the said Dorotha and cancelled, but no reconveyance of said premises was made to the orator, who ever since that time had been in possession of them, and had supported himself and his wife, and had paid said prior mortgage of two hundred dollars; that no administration had ever been granted on the estate of the said Amasa, but that all the debts due from him had been paid; that he left two daughters, Elvira and Amanda, who were his only heirs, and were minors residing with their mother, never having had any guardians appointed for them, and that his said widow Dorotha had since married Frederick P. Dearth, to both of whom he had applied for an acquittance of their interest in the premises, which they had declined, to give, averring that there was no necessity therefor. The bill prayed that the court would appoint guardians *ad litem*, to answer and defend for the said Elvira Frizzle and Amanda Frizzle; and that they, by their guardian, and the said Frederick P. Dearth and Dorotha his wife be decreed to release to the orator all their right, title and interest in and to the premises, &c.

The defendants Frederick P. Dearth and Dorotha his wife, and the said Elvira and Amanda Frizzle by the said Frederick P. Dearth, as their guardian *ad litem*, answered the bill, admitting the conveyance of the premises to the said Amasa, the promise and mortgage of the said Amasa, his death, and the performance by him of his said promise and obligation up to that time; and further setting up and insisting that the two hundred dollars referred to in the condition of his mortgage was also paid by him before his death; and that the said Dorotha performed said agreement until about the fifth of May, 1849, and that she had always been ready and willing on her part to do so, but that on or about the 8th of May, 1849, the orator and his son, Benjamin C. Frizzle, applied to the said Dorotha, then a widow, and requested that she should, and that upon their request she did give the said Benjamin a deed of her interest in the property, and transferred to him the personal property her husband had received of the orator; in consideration of which, the obligation of the said Amasa was surrendered to her, and she and the estate of said Amasa released from a performance of it; but denying that it was agreed or understood that the equity of redemption in the real estate was to be surrendered, and the

orator reinstated in his title to the same; and insisting that by reason of what then and there took place, the conditions in the mortgage deed were in effect satisfied, and the mortgage discharged; and further setting forth, that in June, 1849, the said Benjamin C. Frizzle died, and that soon thereafter his administrator returned to the said Dorotha her deed of her interest in said premises, which she had executed to the said Benjamin, but which had never been recorded; which, at the request of the said administrator she received and destroyed; and that ever since that time she had been ready and willing, notwithstanding the surrender to her of the obligation or promise of the said Amasa, to perform and fulfill it; and, if there was any part of said two hundred dollars mentioned in the condition of his mortgage, which was unpaid, to pay it; but that the orator had, since the death of said Benjamin, been in possession of said premises, the income and profits of which, if carefully managed, were sufficient for his support and that of his wife, and that the defendants were ready and willing to supply any deficiency which there may have been in this respect.

The answer was traversed and testimony was taken, the conclusions which are deduced from it being sufficiently stated in the opinion of the court.

[The reporter has no statement or information as to the decree made by the court of chancery, except that contained in the opinion of the court, by which it was affirmed.]

*W. Heywood* for the orator.

*Cooper & Bartlett* for the defendant.

The opinion of the court was delivered, at the circuit session in September, by

REDFIELD, CH. J. From the bill, answers and testimony in this case we are satisfied that after the death of Amasa Frizzle, his widow, the defendant Dorotha, became anxious to be relieved from the further performance of the contract, after the supplies her husband had furnished were exhausted, and she had herself furnished them one year, and requested the orator to make some arrangement for that purpose, which was finally effected by Benja-

min C. Frizzle assuming the duty of maintaining his father and mother, and taking the property. At this time, it is very obvious, all the parties concerned were fully satisfied with the arrangement which was made, and the widow of Amasa, the defendant Dorotha, gave a full release of the land which seems to have been regarded, at the time, as sufficient to vest the title in Benjamin C., and she received all she demanded for what she and her husband had done towards the performance of the contract.

Benjamin C. soon deceased, and this deed was surrendered to the defendant Dorotha, because the administrator could not be allowed to undertake the performance of any such contract. But the orator still continued to get his support out of the property, without any aid from Dorotha, or any one on her behalf, she, in fact, regarding herself as released from the contract, and so she seems to have been regarded by all concerned till the bringing of the bill in this case.

The property having been surrendered to the orator, since the death of his son Benjamin C., and he having been left to shift for himself, it seems to us reasonable that the title should be quieted in him. There seems to have been such a failure to perform the contract, that, upon this bill to foreclose the equity of redemption in the defendants, the orator is entitled to the decree asked for. The case is similar in its equities to that of *Devereaux* v. *Cooper*, 11 Vt. 103. The mortgage seems to have been paid off by means of property coming from the orator. There is no cross bill claiming anything on the ground of part maintenance. It would be difficult, if not impossible, for the heirs or personal representatives of Amasa to perform this contract. And now, after having been abandoned for so long a time by them, it will be impossible for them to make amends for past delinquencies. The decree of the court of chancery seems to have been in all respects equitable, and it is affirmed.

We see no good reason why the defendants should be entitled to costs in this case, as in a bill to redeem. It is more like a bill to foreclose.

Decree affirmed.