May Term,
1859.

NORDYKE
v.
SHEARON.

*Wednesday,*
*June 1.*

---

. NORDYKE and Others *v.* SHEARON and Another.

In general a party may offer his evidence in the order he pleases; but where a previous fact is necessary to be proved, to render the evidence at all relevant, the Court may require proof of such fact as a condition of the admission of the evidence.

*Wednesday,*
*June 1.*

APPEAL from the *Wayne* Court of Common Pleas.

PERKINS, J.—Suit for rent due upon a lease. The suit is by assignees. The defendants answered, setting up a set-off consisting of an account for repairs done upon the property leased.

On the trial the defendants proved the repairs. But this was not enough. It was necessary, as the case stood, to

further prove that they were authorized by the plaintiffs. To do this, the defendants proposed to prove that they were authorized by one *Dugdale*, and then to prove that *Dugdale* was the agent of the plaintiffs. The Court required them to first prove that *Dugdale* was the agent, and then to prove that he authorized the repairs. This the defendants declined to do, and the evidence was not heard.

May Term, 1859.

NORDYKE
v.
SHEARON.

We think in this the Court abused no discretion. If *Dugdale* was not the agent, it was a waste of the time of the Court to hear evidence as to his ordering repairs. And it was no hardship to require the plaintiffs to first prove their right to order them. Without such proof, the evidence as to his ordering them had no relevancy to the case. It is true the Court might, if it had seen proper, have heard the evidence as proposed to be given; but we do not think it was bound to do so. In general, a party may offer items of evidence relative to the case in the order he pleases. Ind. Dig. 441. But where a previous fact is necessary to be proved, to render evidence at all relevant, we think it is proper that the Court should require proof of such fact as a condition of the admission of the evidence. Otherwise, the time of the Court might be trifled with. See 1 Greenl. Ev., p. 583, § 431.

The case is just this. A party says: " I have the evidence here to prove a fact, and also to prove its relevancy to the case." The Court answers: " Prove the relevancy, and then prove the fact. It will take no longer, will impose no hardship, and is the natural order of doing the business. And if it turns out that you cannot prove the relevancy, time is saved."

The party replies: " Unless I can do the business in my own way, and that an awkward, unnatural, and irregular one, I will not do it at all."

Such a party should go out of Court with a judgment against him.

*Per Curiam.*—The judgment is affirmed with 10 per cent. damages and costs.

*O. P. Morton* and *J. F. Kibbey*, for the appellants.