Goings *v.* Chapman.

*G. W., J. B. & J. F. Julian,* for the appellee.

## GOINGS *v.* CHAPMAN.

In an application to set aside a judgment and grant a new trial, the Court may allow affidavits to be amended so long as the motion is still pending and undetermined.

Where a Court suffers an act to be done, which rests in its sound discretion to permit or refuse, this Court will not relieve against it unless that discretion has been clearly abused.

Generally, the order of time for the introduction of evidence to support the action or defence must be left to the discretion of the party who introduces the evidence.

But, where a previous fact is necessary to be proved to render the offered evidence at all relevant, such fact must be first proved.

A common order, drawn by one person upon another, constitutes no valid demand against the drawer, unless it were first presented to the drawee for payment, and payment refused, and without proof of such presentation, such order could not be admitted as evidence.

Goings *v.* Chapman.

APPEAL from the *Delaware* Common Pleas.

DAVISON, J.—*Goings* sued *Chapman* before a justice of the peace, upon an account which is thus stated:

*Stephen D. Chapman* to *William Goings,*                    *Dr.*

*April,* 1852, to order of *Chapman* on *John Neff,* not ac-
    cepted by said *Neff,*.................................. $1 50
"    1853, to hire of a horse,........................... 5 00
"    1853, to one hog,.................................. 2 50
"    1855, to one horse,................................ 80 00
                                                         ————
                                                        $89 00

Before the justice there was judgment against the plaintiff, and he appealed. In the Common Pleas the defendant, on the second day of the term, was duly called and regularly defaulted, and judgment, by default, entered against him for 90 dollars. After this, on the 10th day of the term, the defendant appeared and filed an affidavit alleging "that subsequent to the judgment before the justice, and prior to the present term of this Court, he was informed by the plaintiff that he had filed, with the justice, his appeal bond; but had not ordered, nor would he order, the papers to be transmitted to the clerk of the Court, on appeal, thereby inducing the defendant to believe that no appeal would be taken, and that the case was ended. And relying on the plaintiff's statement thus made, he, defendant, did not inquire of the justice concerning an appeal, and made no preparation for a trial in this Court; that he never knew, believed or suspected the pendency of said cause in the Common Pleas until the 6th of *May,* 1857, when he was informed by one *Samuel Or* that an appeal had been taken; that the case had been tried in said Court, and that judgment therein had been rendered against him."

Upon the affidavit thus made the defendant moved to set

Goings *v.* Chapman.

aside the default and for a new trial; but the plaintiff resisted the motion, and thereupon the defendant, over the plaintiff's objection, was allowed to amend his affidavit, in these words, "that he believes he has a valid defence to the plaintiff's action, and that if the default be set aside, and a new trial granted, he will be able to sustain such defence and defeat a recovery in this suit." The Court, upon the filing of the amendment, sustained the motion, set aside the default and granted a new trial, and the plaintiff excepted The defendant then, by leave, &c., answered, alleging, in his answer, that the plaintiff was indebted to him 100 dollars, which he offers to set-off, &c. There was a jury trial, which resulted in a verdict for the defendant. Motion for a new trial denied, and judgment, &c.

The Court, it is insisted, committed an error by permitting the defendant to amend his affidavit. We think differently. When the amendment was made the motion was still pending and undecided; such permission, at that stage of the proceedings, was not inconsistent with the ordinary rules of practice. But the affidavit, as amended, is said to be insufficient, because it fails to state the nature of the defence to be relied on in case the default is set aside. 15 Ind. 139. Had the Court refused the motion we would, perhaps, have sustained its ruling, and though, in this instance, the motion has been allowed, we are still inclined to uphold the decision, because the relief sought, by the affidavit, addresses itself to the sound discretion of the Court. See 2 R. S. p. 48, sec. 99. And in the record, there is nothing tending to show that such discretion has been, in this case, improperly exercised. During the trial the plaintiff offered to read in evidence an order, being the same described in his complaint, and which is as follows:

Goings *v.* Chapman.

"WELLS COUNTY, IND., *April*, 1852.

"*John Neff*, to *Stephen Chapman*,　　　　　　*Dr.*

To balance on cloth 1 dollar and 50 cents. *Mr. Neff*, you will please pay the above amount to *William Goings.*"
　　(Signed,)　　　　　　・　"STEPHEN CHAPMAN."

The defendant resisted the introduction of this order, on the ground that the plaintiff had not proved a refusal by *Neff* to accept the order. Upon the ground thus assumed the Court refused the evidence, but stated to the plaintiff "that he might read the order in evidence if he would first prove that it had been presented to *Neff*, and not accepted." As a general rule "the order of time for the introduction of evidence to support the different points of an action or defence must be left to the discretion of the party who introduces the evidence." 4 Ind. 275; 7 *id.* 394; 10 *id.* 60. There are, however, exceptions to this rule, and one of them is "where a previous fact is necessary to be proved to render the offered evidence at all relevant." *Nordyke* v. *Shearon*, 12 Ind. 346. The present case, it seems to us, is within the exception. The order, unless it was presented to the drawee for payment, constituted no valid demand against the drawer, and without proof of such presentation, could not be held effective as evidence in the case, and was, therefore, irrelevant. And the result is, the Court, in its refusal to admit the order, in the absence of proof that it had been presented for payment, committed no error.

The record, though it does not profess to contain all the evidence, sets out, what is alleged to be, all the evidence relative to the sale of the horse mentioned in the complaint. The horse, it appears, belonged to one *Justice Chapman*, but was sold by the defendant, *Stephen Chapman*, to the plaintiff for 40 dollars. The purchase money was paid to the defendant by the plaintiff. At the time of the sale *Justice Chapman*

was present and assented to the contract; but the horse was not there. He was to be, but was not, delivered to the plaintiff, nor did the plaintiff ever obtain possession of the horse. In reference to the question, who was responsible to the plaintiff for such delivery, whether the defendant or *Justice Chapman,* the evidence is very conflicting.

At the proper time the plaintiff moved, thus to instruct the jury: "If you believe from the evidence that the defendant agreed at the time of the sale to become responsible to the plaintiff for the delivery of the horse, and such agreement was a condition of the sale, it is immaterial whether it was or not in writing." This instruction the Court refused. We think it should have been given. If, as the instruction indicates, the defendant agreed that he, himself, would be responsible for the delivery of the horse, his engagement was absolute, not collateral; was not within the statute of frauds, and was valid, though not reduced to writing. 1 Smith's Leading Cases, 385. For the refusal to give the instruction the judgment must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded.

*Walter March,* for the appellant.

*C. E. Shipley,* for the appellee.