THE PITTSBURGH, CINCINNATI AND ST. LOUIS R. W. Co. v. CONWAY.

PRACTICE.—*Evidence.*—*Order of Introducing.*—*Foreign Judgment.*—*Statute of Foreign State.*—On the trial in the circuit court of an action upon an account, commenced before a justice of the peace, the defendant, on the close of the plaintiff's evidence in chief, offered in evidence a transcript of garnishment proceedings before a justice of the peace of a foreign state, showing a judgment against the defendant at the suit of a creditor of the plaintiff, and that the amount thereof had been paid into court by the defendant, appropriated, etc., but, on objection, it was unconditionally excluded.

*Held*, that such ruling was erroneous.

*Held*, also, that the evidence should have been admitted, upon condition that proof would be introduced that the law of such state conferred upon the justice jurisdiction to render such judgment.

From the Pulaski Circuit Court.

*N. O. Ross*, for appellant.

*W. Spangler*, for appellee.

PERKINS, C. J.—Suit commenced before a justice of the peace, by Conway against appellant, upon an account for work and labor done.

Judgment before the justice for Conway.

Appeal to the circuit court.

On the trial in the circuit court, after the plaintiff had closed his evidence, the defendant offered in evidence a transcript of garnishment proceedings, before a justice of the peace, in the State of Ohio, which showed a judgment in garnishment against the appellant at the suit of a creditor of Conway, for twenty-five dollars, and that the judgment had been paid into court, appropriated, etc.

The defendant objected to the admission of this transcript in evidence, but stated no ground of objection. The court refused to allow the transcript to go in evidence, without giving any reason for its ruling. Counsel for the appellee justifies, in this court, the ruling below, on the ground that the appellee should have first proved the law of Ohio, empowering justices of the peace to render such judgments as that, the transcript of which was offered in evidence. If this ground of objection had been stated below, the defendant might have obviated the objection at once, of his own volition. But it was not necessary, as a rule of practice, that the defendant should first prove the law of Ohio.

The rule of practice is, that a party may introduce his items of evidence in the order he pleases; but the court may, in its discretion, vary this rule as to an item in a given case. *Nordyke* v. *Shearon*, 12 Ind. 346; *Goings* v. *Chapman*, 18 Ind. 194.

But the court alone has power to compel a variation; and it should not do it at such time and in such manner as to take a party by surprise. It is conceded that the evidence offered was not *per se* incompetent, and that it was relevant to the issue, and there is nothing showing

that the party was not ready, and intending to follow up the admission of the transcript, with an offer of the statute of Ohio showing jurisdiction. We think the court should not have made its ruling, under the circumstances, absolute in the first instance, but only temporary, or conditional that the transcript be excluded till, or unless, the party proved the law of Ohio, the court not having previously ascertained from the party, that he could not or would not make such proof.

We think the court erred in refusing unconditionally to admit the transcript.

This ruling was made the ground of a motion for a new trial, the overruling of which is assigned for error in this court.

The judgment is reversed, with costs, and the cause remanded for a new trial.