No. 9108.

## WILSON ET UX. *v.* WILSON.

CONVEYANCE.—*Consideration.*—*Defeasance.*—*Condition Subsequent.*—When a conveyance is made upon no consideration except certain *terms* specified in a separate writing made by the grantee to the grantor, the terms stated must be regarded as expressive of conditions subsequent; for a breach of which a forfeiture of the estate may be had.

SAME.—*Real Estate, Action to Recover.*—*Pleading.*—*Copy of Deed.*—In an action to recover land for breach of conditions contained in a defeasance executed by the grantee of a deed, a copy of the deed need not be made a part of the complaint.

SAME.—*Improvements.*—*Rents and Profits.*—In an action for the recovery of land for breach of conditions subsequent, there may be an accounting as to rents and improvements, and the fact of improvements can not be used as a bar to the action, though made by a subsequent purchaser of the land.

SAME.—*Defeasance.*—*Record.*—*Notice.*—*Volunteer.*—An unrecorded defeasance, notwithstanding section 2932, R. S. 1881, is good as against a volunteer who receives a conveyance of the land without notice of the defeasance. A volunteer stands in the shoes of his grantor.

WITNESSES.—*Evidence.*—*Constitutional Law.*—*Vested Rights.*—Constitutional restrictions for the protection of vested rights do not affect legislation concerning the competency of witnesses.

SAME.—*Husband and Wife.*—*Statute Construed.*—The act of 1879, Acts 1879, p. 245, making husband and wife competent to testify for or against each other, applies to occurrences before as well as after the passage of the act.

From the Delaware Circuit Court.

*J. N. Templer* and *R. S. Gregory,* for appellants.

*J. F. Duckwall* and *W. March,* for appellee.

WOODS, C. J.—The principal question in this case arises upon the demurrer to the complaint. The action is by the appellee; and the substance of his complaint is, that, being the owner of certain real estate, he did, on the 14th day of April, 1875, convey the same to his son Leroy O. Wilson, who neither paid nor agreed to pay a valuable consideration for the conveyance, but, contemporaneously with the execution of the deed, and as a part thereof, executed and delivered to the plaintiff a writing, of the tenor following, to wit:

"Know all men, that I have this day received from my father and mother, Volney and Elizabeth Wilson, a deed of lot," etc. (description omitted), "valued at six thousand three hundred dollars, on the following terms, to wit:

"1st. If, at my father's death, there is not an equal valuation at that time (not now) left to my brothers John A. Wilson and Harry V. Wilson, I am to pay to them that which is to make us all equal in valuation.

"2d. I bind myself not to make any changes in said property without my father's full consent, and that I will not go security or put my name on any bond, note or other instrument of writing for any one without his consent, and will not, under any circumstances, contract a debt of any kind that will involve said lots; that I will, to the best of my ability, take care of and not sell or dispose of the above mentioned lots without the full consent of my father and mother, while they or either of them live, and pay tax of '75. Witness my hand and seal this 14th day of April, 1875.

[Signed]           "LEROY O. WILSON. [L. S.]"

That, at the date of the conveyance, the defendant Harriet J. Wilson was and still is the wife of her co-defendant, the said Leroy; that, on the 14th day of September, 1875, said Leroy conveyed the property by deed to his wife, the said Harriet, who paid no consideration, and had notice of the contract aforesaid, and of the terms and conditions upon which the conveyance to her husband had been made; that said conveyance was made to her without the knowledge or consent of plaintiff or his wife, and that, by reason of the facts, the estate of said Leroy has been terminated and forfeited, and revested in the plaintiff; that, on the 11th day of January, 1876, the defendants, without the knowledge or consent of the plaintiff or his wife, conveyed the property to William Orr, in trust, to reconvey the same to the said Harriet; that on the next day Orr reconveyed by quitclaim deed; that Orr paid no consideration for the conveyance to him, and Harriet

nothing for the reconveyance to her; that plaintiff has demanded possession, etc. Wherefore, etc.

Our conclusion is that, upon the facts alleged, the conveyance by the appellee to his son was upon condition that he comply with the covenants of the instrument set out in the complaint. There was no other valuable consideration for the deed, and, unless the instrument can operate as a defeasance, it is. difficult to see how, in respect to some, at least, of its terms, it could be enforced, or be made effective in any way. It may be said that the covenants contained in the writing are personal covenants merely, but that can not affect the conclusion that the deed was made on condition that they be faithfully kept and performed. *Leach* v. *Leach*, 4 Ind. 628; *Hershman* v. *Hershman*, 63 Ind. 451; *Lindsey* v. *Lindsey*, 45 Ind. 552; *Andrews* v. *Spurlin*, 35 Ind. 262.

"The word 'condition' is not necessary to the creation of a condition." Any words that convey the proper meaning will be sufficient; *Stilwell* v. *Knapper*, 69 Ind. 558, 570 (35 Am. R. 240); and when in this case the conveyance was made upon specified *terms*, and for no other consideration, the terms stated must be regarded as expressive of conditions subsequent, a breach of which might forfeit the estate.

The objection is made that a copy of the deed from the appellee to his son was not made part of the complaint; but that instrument was. not the basis of the action, nor was an exhibit of its terms necessary to a construction of the defeasance. *Continental Life Ins. Co.* v. *Kessler*, 84 Ind. 310.

In *Leach* v. *Leach, supra,* it is decided that in such a case there may be an accounting between the parties in respect to rents and profits and improvements; it follows that the effort of the appellant Harriet to plead improvements made by her as a bar to the action was unavailing.

Another proposition asserted by the appellant Harriet is, that it was necessary for the appellee to show that notwithstanding she was a volunteer, and paid no consideration for the conveyance made to her, she had actual knowledge of the

defeasance under which the appellee seeks to recover the land. This, it is claimed, is the meaning and force of the 17th section of the act concerning conveyances, R. S. 1881, section 2932, which provides in reference to separate instruments of defeasance, that "the original conveyance shall not thereby be defeated or affected as against any person other than the maker of the defeasance, or his heirs or devisees, or persons having actual notice thereof, unless the instrument of defeasance shall have been recorded, according to law, within ninety days after the date of said deed."

Such statutes in regard to notice are not to be construed as applying to volunteers so as to protect them, as against the rightful owner, in the assertion of titles for which they paid nothing. To all legal intents and purposes the volunteer must ordinarily be treated as one who, in respect to equities affecting the title of the land, stands in the shoes of his grantor. See *Mendenhall* v. *Treadway*, 44 Ind. 131. The disastrous consequences of a different ruling on this point are too evident to require comment or illustration.

It is claimed that the court erred in permitting the defeasance to be read in evidence before proof was made that the appellant Harriet had notice of it when she took the title; there was, however, no error in this, even if the proof of notice had been necessary. *Tuttle* v. *Churchman*, 74 Ind. 311; *Goings* v. *Chapman*, 18 Ind. 194; *Pittsburgh, etc., R. W. Co.* v. *Conway*, 57 Ind. 52.

There was no error in permitting the appellee to testify that he received no consideration, save the defeasance, for the conveyance to his son, and that the subsequent conveyances were made without his consent.

It was not error to permit the wife of the appellee to testify in reference to facts which occurred before the act of March 15th, 1879, Acts 1879, p. 245, whereby she was made a competent witness, took effect.

The constitutional restrictions for the protection of vested rights do not embrace legislation in respect to the competency

of witnesses. The act making husband and wife competent witnesses for or against each other applies, therefore, to occurrences before as well as after its passage. *Heagy* v. *State, ex rel.*, 85 Ind. 260, and cases cited.

Upon the question whether the defeasance was made contemporaneously with the conveyance to which it refers, or at a recent date, it was competent for the appellee to prove by a witness that he had seen the instrument at a time stated, when the appellant Harriet was not present. The material point of the testimony was the existence and identity of the paper—a fact which could not be different on account of the presence or absence of the appellant.

The offer of the appellant to prove that the appellee and her husband were acting in concert in efforts, by this action and by suits theretofore instituted, to deprive her of the property, was plainly irrelevant, and therefore was properly overruled. The evidence so offered had no legitimate tendency to show that the defeasance was a false contrivance, made in aid of this action, and antedated to correspond with the deed.

It follows, from what has already been decided, that the special instructions asked, in so far as they differed from those given, were properly refused. In fact, once the conclusion is adopted that the title was conveyed by the appellee subject to a condition or conditions subsequent, other questions in the various phases in which they have been presented and argued become practically and comparatively unimportant.

Judgment affirmed.