SUSAN H. AYER *vs.* BENJAMIN E. EMERY.

A grant of land in consideration of a certain sum of money, and of the fulfilment of certain agreements therein mentioned, that is to say, " upon the consideration that " the grantee, his heirs, executors and administrators, " shall well and truly fulfil all the agreements on his part contained in " a certain indenture, which said indenture contained numerous and minute agreements to contribute to the support of the grantor and his wife, is not a grant upon a condition subsequent.

WRIT OF ENTRY to recover several parcels of land in Haver-bill.

At the trial in the superior court, before *Morton*, J., it was ad-
mitted that on the 5th of March 1852 John Ayer, the de-
mandant's husband, was seised of the demanded premises, on
which day he executed a warranty deed thereof to the ten-
ant, " in consideration of two thousand dollars paid by, and in
consideration of the fulfilment of certain agreements herein men-
tioned, and hereto attached, marked A, paid and to be per-
formed and fulfilled by " the tenant. Following the description of
the premises conveyed was this clause : "And this conveyance
is upon the consideration that said Emery, his heirs, executors
and administrators, shall well and truly fulfil all the agreements
on his part contained in an indenture hereto annexed or written
on the other half of this sheet and herewith recorded, and shall
also pay to the heirs, executors or administrators of said John
Ayer two thousand dollars, in equal payments of two hundred
dollars per year, with interest, which payments shall commence
in one year after the death of said John Ayer and his present
wife, or the survivor of them."

. By the indenture, dated on the same day, in consideration of
the covenants, promises and agreements thereinafter contained,
Ayer leased to the tenant, his executors, administrators and
assigns, the same premises, during the lives of said Ayer and his
wife, and the survivor of them ; and the tenant, for himself and
his executors, administrators and assigns, in consideration of the
said lease and deed, covenanted to cultivate all the parcels of
land, during the lifetime of Ayer and his wife, and the sur-
vivor of them, "in a good and workmanlike manner," and pay
half the income thereof annually to him and her and the survivor
of them, and to keep on the premises one horse, one yoke of oxen
and four cows, and to divide the milk or the proceeds thereof
with Ayer and his wife, and the survivor of them, and to divide
with them the earnings of the oxen, when worked off the prem-
ises, and permit them to use the horse whenever they should
choose, and consume all the hay and fodder upon the farm, and
keep the fences in good repair, at his own expense when not
obtainable from the premises, and cut and draw to their door for
them all necessary fuel, not exceeding ten cords, and cut and

split the same; and entered into certain other covenants of the same general description.

John Ayer by his will devised to the demandant the income during life of all his real estate of which he might die seised and possessed; and authorized her, if necessary, to sell and dispose of the lease given by him to the tenant, and all his real estate, if she should find it necessary to do so for her comfortable support and maintenance.

The demandant offered to prove that her husband owned no other real estate than that described in the deed; that the tenant complied with the stipulations of the lease during her husband's life; but that since her husband's death the tenant has repeatedly, continually and habitually violated and refused to fulfil all ot said agreements.

It was admitted that she is now eighty years of age, and has always lived on the demanded premises, and prior to the commencement of this action served a notice of re-entry upon the tenant.

Upon these facts, and the evidence offered as above stated, the judge ruled that the demandant could not maintain her action, and directed a verdict for the tenant; and the demandant alleged exceptions.

*S. B. Ives, Jr., & S. Lincoln, Jr.,* for the demandant.

*D. Saunders, Jr., & J. J. Marsh, ( W. C. Endicott* with them,) for the tenant.

BIGELOW, C. J. The title of the demandant depends on the question whether the deed under which the tenant holds the estate in controversy can be properly construed to have been a grant on a condition subsequent. Applying to this deed the rules of interpretation which are to be resorted to in order to ascertain whether a grant is absolute or conditional, and which are fully stated in the recent case of *Rawson* v. *School District in Uxbridge,* 7 Allen, 129, we are brought to the conclusion that the tenant holds the premises by an indefeasible title. There are no apt and proper words in the deed to create a condition; there is no clause of re-entry or forfeiture; it is not provided that the deed shall be void in a certain contingency; nor was the conveyance made solely in consideration of certain

acts to be done or for the accomplishment of a specific purpose on the fulfilment of which the estate granted is made to depend. The grantor has not only omitted to use any words which can be properly held to create an estate on condition according to the technical rules of law, but he has also failed to indicate any clear intent to cause the estate to be defeated by reason of any act or omission of the grantee. The strongest view which can be fairly taken of the language of the deed in support of the demandant's case is that it is of equivocal import. But it is perfectly well settled that an estate on condition cannot be created by deed, except when the terms of the grant will admit of no other reasonable interpretation. *Rawson* v. *School District in Uxbridge, ubi supra,* and cases cited.

Taking the deed and the lease as one instrument, intended to embody the agreement of the parties as to the possession and enjoyment of the premises therein described, they are susceptible of the construction that the grantor of the tenant intended to rely on the personal covenants of the latter to fulfil the various stipulations set out in the two instruments, and not to make his grant conditional on their performance. It certainly is not reasonable to suppose that the parties intended that a failure to fulfil any one of the many stipulations which entered into the consideration of the grant, however trivial or unimportant, should work a forfeiture of the estate ; and yet such would be the result, if the deed is construed as a grant on condition. The instruments are inartificially drawn, and it is difficult to ascertain from them the exact intentions of the respective parties in relation to the subject matter of their stipulations. But the burden is on the demandant to establish that the estate of the tenant is determined. This she can do only by showing that the tenant holds the premises on strict condition, of which there has been a breach which has worked a forfeiture of the tenant's estate. Inasmuch as she has failed to show this, it does not advance her case to urge that her husband made an unwise and improvident bargain, and that she has a strong claim to relief of some sort. A court of law cannot vary the rules of construction to meet cases of hardship and injustice, however gross or remediless they may be. *Judgment for the tenant.*