No. 9992.

## CORY ET AL. *v.* CORY.

WILL.—*Conditional Devise of Land.*—*Condition Subsequent.*—*Forfeiture.*—*Re-entry.*—*Demand.*—*Sheriff's Sale.*—*Deed.*—*Title.*—To defeat an estate for breach of a condition subsequent, there must be a demand of performance upon the person who owns the land, and a re-entry for condition broken by the party entitled, or the equivalent of a re-entry. Such demand upon the grantee after a sheriff's sale of his estate, which, after the demand, matures into a conveyance by the sheriff, is not sufficient, inasmuch as the title conveyed by the sheriff's deed takes effect by relation on the day of the sale.

From the Union Circuit Court.

*J. I. Little,* for appellants.

*J. F. McKee* and *D. W. McKee,* for appellee.

BICKNELL, C. C.—Jeremiah Cory devised one hundred acres of land to his son Moses W. Cory, on condition that he should make ample provision for the comfort and maintenance of his sister Catherine during her natural life.

The appellants, who are the heirs of said testator, brought this suit against the appellee on the 23d of November, 1880, alleging that they are the owners as tenants in common of said land, except an undivided twelfth part thereof owned by defendant; that the land was devised as aforesaid to Moses W. Cory; that ever since March 12th, 1879, he has failed and refused to support and maintain said Catherine, although often requested thereto by plaintiffs on her behalf; that plaintiffs, as such heirs at law, upon such failure, became the owners of said land, and as such owners have entered upon and taken possession of it; that defendant claims title thereto under a sheriff's deed, made upon the foreclosure of a mortgage executed by said Moses to one Johnson, but that said condition was broken before the date of said deed. The plaintiffs demanded that said undivided eleven-twelfths be set off to them in a body, and that their title thereto be quieted, etc. Copies of the will and probate were annexed to the complaint.

The defendant answered each of the two paragraphs of the complaint by a general denial. He also filed a counter-claim to the entire complaint in two paragraphs:

1. That defendant owns all of said land, subject to a claim in favor of said Catherine thereon, for her comfortable sustenance and support during life, and praying that his title be quieted as against all the plaintiffs except said Catherine, and that she be declared without interest in the land, except a lien thereon for her comfortable sustenance and support during life.

2. Admitting the seizin of Jeremiah Cory, and the devise to Moses on condition, and the heirship of the plaintiffs and Moses Cory, as stated in the complaint, and alleging that, on October 1st, 1875, said Moses, under said devise, was the owner of said land in possession, and on that day borrowed

from one Johnson $3,000, and to secure the same mortgaged to him the land, representing it to be free from encumbrances, said Johnson having .then no knowledge of said condition, all of which was well known to said Catherine; that said $3,000 was not paid, and Johnson thereupon foreclosed his mortgage, said Catherine being a party to the foreclosure suit, and her interest being protected by the judgment therein; that at the foreclosure sale, on February 15th, 1879, Johnson bought the land for $4,094.55, the amount due on the mortgage, which was much more than the value of the land, subject to the aforesaid condition; that said Moses Cory was then insolvent, and had made an assignment in bankruptcy, and had no other property subject to execution; that Johnson, on November 18th, 1879, assigned the sheriff's certificate of sale to the defendant, who, the land not having been redeemed, received from the sheriff, on February 23d, 1880, a deed therefor; that under said deed the defendant owns the land in fee simple, and is entitled to the possession thereof; that, if there has been any breach of said condition, it was without the consent or connivance of this defendant or of said Johnson; that defendant holds the land subject to said condition; that said Catherine had knowledge of said Johnson's claim long before the foreclosure of said mortgage; that defendant is now and always has been ready to perform said condition, and has offered to support said Catherine according to said devise, but she has refused to permit him to do so; that any breach of said condition by said Moses was made for the fraudulent purpose of defeating said Johnson's claim and this defendant's title, by the consent and connivance of said Catherine and her co-plaintiffs; that any such default of said Moses, in the year 1879, was waived by said Catherine, who was again supported by him until the — day of ———, 1880, after the defendant had received said sheriff's deed, when said Moses abandoned the land and left Catherine in possession of it, who has ever since made her home upon it, this defendant having permitted her to be undisturbed in said possession, and to en-

joy thereon a bountiful support therefrom; that before and since said foreclosure said Catherine has resided near said Johnson and this defendant, but neither of them has been notified of any breach of said condition by said Moses, and that no demand for the performance of said condition was ever made upon either of them; that said Moses has substantially complied with said condition; that the plaintiffs' claim is a cloud upon the defendant's title. The prayer of this counter-claim is, that the defendant may be decreed to be the owner of the land, and entitled to the possession thereof, subject to the condition aforesaid, and that his title be quieted, etc.

The plaintiffs filed an answer in denial of each paragraph of the counter-claim. The issues were tried by the court upon "an agreed statement of facts in writing."

The court found for the defendant upon the complaint and upon the counter-claim, and that he is the owner in fee simple of the land, and has been such owner since February 23d, 1880, the same being subject in his hands to a claim in favor of the plaintiff Catherine Cory, for her support, as provided in the last will of Jeremiah Cory, deceased.

The record here states "to all of which finding and conclusions of law plaintiffs except and object." The finding was made at October term, 1881. At January term, 1882, the plaintiffs moved for a new trial, alleging the following reasons therefor:

1. The findings are contrary to law.
2. The findings are contrary to the evidence.
3. The findings are contrary to law and the evidence.
4. There was not a proper submission of said cause.

This motion was overruled; judgment was rendered pursuant to the findings. The record here states, "to all of which judgment the plaintiffs object and except." The plaintiffs appealed; they assign errors:

1. In the conclusions of law upon the facts found.

2. In the conclusions of law upon the facts set forth in the agreed statement of facts.

3. In overruling the motion for a new trial.

4. In finding against Catherine Cory.

5. In rendering judgment against the plaintiffs, quieting the appellee's title.

It appears by the bill of exceptions, that the evidence consisted of an agreed statement of facts. It was not a trial upon an agreed case under section 386 of the code of 1852, which is section 553 of R. S. 1881; there was no affidavit. The findings were not special under section 341 of the code of 1852, which is section 551 of R. S. 1881, because neither party requested a special finding. The findings were general, involving conclusions of law and fact. There were, therefore, no conclusions of law to be excepted to, and the first and second specifications in the assignment of errors present no question. *Smith* v. *Johnson,* 69 Ind. 55; *Martin* v. *Martin,* 74 Ind. 207; *Downey* v. *Washburn,* 79 Ind. 242. In such a case, in order to bring up the question whether the decision was contrary to the law and the evidence, a motion for a new trial is the only proper proceeding. *Slessman* v. *Crozier,* 80 Ind. 487.

The fourth and fifth specifications in the assignment of errors present no question. *Truitt* v. *Truitt,* 38 Ind. 16; *Ray* v. *Detchon,* 79 Ind. 56; *Durham* v. *Craig,* 79 Ind. 117; *Kendel* v. *Judah,* 63 Ind. 291; *First Nat. Bank* v. *Colter,* 61 Ind. 153.

As to the third specification in the assignment of errors, viz., overruling the motion for a new trial, the fourth reason for a new trial, to wit, that the cause was not properly submitted, is not alluded to in the appellants' brief, and is, therefore, regarded as waived. The only question remaining is, was the verdict contrary to the law or to the evidence.

The agreed statement of facts shows that the will of Jeremiah Cory, containing the conditional devise hereinbefore set forth, was duly admitted to probate on June 16th, 1874, and

that Moses Cory took possession of the land and held it under the will until June 1st, 1880; that he maintained and kept said Catherine until March 12th, 1879, and since then has wholly failed and refused, and still fails and refuses, to keep her; that on June 1st, 1880, the plaintiffs, as the heirs at law of said testator, took possession of said land, and now hold the same as such heirs; that said testator's personal estate has been finally settled. The agreed statement then recites the mortgage by Moses Cory to Johnson, on Oct. 1st, 1875, its foreclosure by Johnson, the purchase at the foreclosure sale by Johnson, the assignment of the certificate of sale to the defendant, and the execution of the sheriff's deed to the defendant on the 23d of February, 1880, all substantially as stated in defendant's counter-claim; that when Johnson took his mortgage he had no knowledge of the terms or conditions of said will except such as is implied by law from the fact that the will was duly recorded; that said Catherine was a party to said foreclosure suit, and her interests were protected by the decree therein, as stated in said counter-claim; that said Catherine is, and has been since the execution of said will, a person of unsound mind and incapable of managing her own estate; that neither said Catherine, nor any one on her behalf, has ever demanded of said Johnson or of this defendant the performance of said condition; that said Catherine resided with said Moses Cory until March 12th, 1879, and that defendant has never been in actual possession of said land; that defendant, after receiving said sheriff's deed, brought suit against said Moses Cory to recover the possession of the land, which suit was tried at the October term, 1880, of the Union Circuit Court; that Thomas Little was one of the attorneys of said Moses, employed on behalf of the other heirs of said testator, including said Catherine Cory; that, before the commencement of the present suit, and during said October term, 1880, said Little, acting for said heirs, including said Catherine, and for them asked said Moses to perform said condition, which he then and there absolutely refused to do; that said

Little then told said Moses that said other heirs would take or continue to hold the land in controversy unless he did support said Catherine, to which he answered, " he could not help it." This was in the month of October, 1880.

There can be no doubt that Moses W. Cory held the land under the will upon a condition subsequent, and that, upon a breach of the condition, his title would be defeated and the land would revert to the heirs of the devisor, upon the exercise by them of the right of entry or its equivalent. *Cross* v. *Carson,* 8 Blackf. 138 (44 Am. Dec. 742) ; *Thompson* v. *Thompson,* 9 Ind. 323 ; *Lindsey* v. *Lindsey,* 45 Ind. 552. Condition broken gives the right of re-entry. *Scott* v. *Stipe,* 12 Ind. 74 ; *Leach* v. *Leach,* 4 Ind. 628. In Indiana, a demand of possession is equivalent to an entry on the premises. *Indianapolis, etc., R. W. Co.* v. *Hood,* 66 Ind. 580 ; *Clark* v. *Holton,* 57 Ind. 564.

Neglect to perform the condition does not, *ipso facto,* determine the estate, but only exposes it to be defeated and determined at the election of the grantor, and, in case of his death, his heirs, to be signified by some act equivalent to re-entry at the common law. *Ludlow* v. *New York, etc., R. R. Co.,* 12 Barb. 440; *Nicoll* v. *New York, etc., R. R. Co.,* 12 N. Y. 121. There must be a demand, on the part of the persons entitled to insist upon its performance, whether the condition consists in the payment of money, or the performance of some other act, and a refusal on the part of the person in whom the title is vested. *Lindsey* v. *Lindsey, supra, Schuff* v. *Ransom,* 79 Ind. 458 ; *Risley* v. *McNiece,* 71 Ind. 434, 439. In the case of *Schuff* v. *Ransom,* just cited, the following is the language of the court by WORDEN, J.: "The stipulations to be performed by the defendant, other than," etc., " were exclusively for the benefit of said Spaldin, and he does not appear to have made any demand of performance, which was necessary in order to work a forfeiture of the estate."

It would seem, therefore, that, in the case at bar, the proper person to make the demand was Catherine Cory, and it does

not appear that any demand was made by her. The agreement states that Moses Cory broke the condition on March 12th, 1879; that in October, 1880, Thomas Little, acting for said heirs, including said Catherine, and for them, asked Moses Cory to perform said condition, which he then and there refused to do.

At the time this demand was made, Moses Cory was no longer the owner of the land. The agreement shows that Johnson bought the land on February 15th, 1879; that his assignee, the appellee, received the sheriff's deed on February 23d, 1880. The title of the appellee, therefore, related back to the day of sale, which was February 15th, 1879, twenty-five days prior to said alleged breach by Moses Cory. Moses Cory having ceased to be the owner of the property, and the mortgage made by him having been subject to the condition, the purchaser at the mortgage sale and his assignee, the appellee, took the land subject to the condition, and, after the appellee's title accrued, the performance of the condition devolved upon him, and any forfeiture would be by him, and not by Cory. Certainly, in such a case, the appellee would be permitted, in a court of equity, to come in and perform the condition and save the forfeiture. *Leach* v. *Leach, supra.*

That is substantially what the appellee in his counter-claim demands, and that alone will properly protect the interests of said Catherine, because, under the mortgage decree, the entire land is held by the appellee subject to the condition; but, if the appellants should succeed in establishing a forfeiture, they will take as heirs, and not under the will, and Catherine, instead of having the whole land bound for her support, will take only one-twelfth of one hundred acres. The circumstance of an estate being subject to a condition does not affect its capacity of being aliened, devised, or transmitted by descent, in the same manner as an indefeasible estate; the purchaser, or whoever takes the estate by devise or descent, taking it subject to whatever is annexed to it. 2 Washb. Real

Prop., p. 456. The holder of the estate, therefore, is the proper party to perform the condition annexed to it; it is his failure which will work a forfeiture, and the demand must be made upon him before a forfeiture can take place. Although the estate be conveyed, it passes to the grantee subject to the condition, and he is chargeable with laches in relation to the non-performance of the condition. 4 Kent Com. 126; Co. Litt. 246, b. The agreed statement shows that no demand for the performance of said condition was ever made upon Johnson or upon the appellee. There is, therefore, no ground for a forfeiture, so far as the same is claimed by reason of the demand stated in the agreement. The appellants claim that even without the demand there was a re-entry sufficient to work a forfeiture. " Conditions subsequent are not favored in law; * * the rigorous exaction of them is a species of *summum jus*, and in many cases hardly reconcilable with conscience." 4 Kent Com. 129.

It appears from the agreed statement that the appellee never had possession of the land; that he was compelled, after receiving the sheriff's deed, to bring suit against Moses Cory for possession, which suit was tried at the October term, 1880, of the Union Circuit Court; that Thomas Little was an attorney for said Cory in said suit, and was also employed by the other heirs of the testator; and that said Little, in the month of October, 1880, acting for said other heirs, demanded of his client Moses Cory the performance of the condition, which being refused, he told Moses that said other heirs " would take or continue to hold the land in controversy unless he did support said Catherine," to which Moses replied " he could not help it."

It is elsewhere stated in the agreement, that, " on June 1st, 1880, the plaintiffs, as the heirs at law of said testator, took possession of said land, and now hold the same as such heirs."

At common law nobody but the grantor or his heirs could enter for condition broken. Co. Litt. 214 *b*, 218 *a*. The

freehold could not pass without livery of seizin, which was a notorious act, and it required an act equally notorious, such as an entry, to revest it in the grantor or his heirs. Where the entry could not be made a claim was sufficient; but such entry or claim was required to be made for the breach of the condition, with intent to take advantage of the forfeiture, and in order to avoid the estate.    4 Kent Com. 127.

It is not alleged in the agreement that the possession of the heirs in June, 1880, was by way of entry for condition broken.    The heirs evidently did not rely upon it as revesting the estate in them, because four months afterwards, in October, 1880, they by their attorney, Mr. Little, notified Moses Cory, that, unless he would support Catherine, they " would take or continue to hold the land in controversy."

We think it clear that there was no entry for condition broken in June, 1880.    The inference is very strong that the possession was then taken by the consent and connivance of Moses Cory, who was defending the possession against the appellee.

The appellee's counter-claim charges fraud and connivance between Moses Cory and the other plaintiffs, in order to defeat the title of the appellee.    We think there was no proof of any sufficient entry for condition broken, and, under the circumstances disclosed by the agreement, we are satisfied that the finding of the court was not contrary to the evidence, nor contrary to law.

There was no error in overruling the motion for a new trial.    The judgment should be affirmed.

Per Curiam.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellants.