Ellis *et al. v.* The Elkhart Car Works Company *et al.*

No. 11,283.

ELLIS ET AL. *v.* THE ELKHART CAR WORKS COMPANY
ET AL.

DEED.—*Condition Subsequent.—Breach.—Demand of Performance.*—A convey-ance of lands provided that if the grantee should fail to use the granted premises for the manufacture of cars for a term of six consecutive months at a time, the same should revert. A complaint by the grantor alleged a breach, and that the defendant on demand refused to deliver possession.

*Held,* that a failure to aver demand of performance was not required, nor was it necessary to allege that the demand for possession was accompanied by notice that it was for the breach of the condition.

*Held,* also, that an answer, alleging that the process of manufacturing was carried on in good faith, though no cars were fully completed in six months, was good.

From the Elkhart Circuit Court.

*H. D. Wilson* and *W. J. Davis,* for appellants.

*J. M. Vanfleet,* for appellees.

ELLIOTT, C. J.—In the deed set forth in the first para-graph of the appellants' complaint is written the following: " This deed is executed on condition that if the grantee, her grantees or assignees shall at any time within three years from this date fail, neglect, or refuse to use said real estate for the manufacture of cars for a term of six consecutive months at a time, said real estate shall revert to said grantors." It is alleged that the appellants were the grantors, and that no con-sideration was paid for the land ; that the defendant failed to use the land for the purpose specified for the period interven-ing between December 1st, 1882, and July 11th, 1883 ; that on the day last named the appellants " re-entered upon said premises and then and there demanded of said company a re-conveyance to them of said property and a delivery of pos-session, but the defendant refused to convey or deliver pos-session."

Two objections are urged against this pleading : *First.* That it does not aver a demand for performance. *Second.* That it

does not aver that the appellants entered for a breach of the condition.   Of these in their order.

The decisions of this court establish the rule that there must be a demand of performance by the party entitled to insist upon a forfeiture of the estate.   *Cory* v. *Cory*, 86 Ind. 567 ; *Schuff* v. *Ransom*, 79 Ind. 458 ; *Risley* v. *McNiece*, 71 Ind. 434 ; *Lindsey* v. *Lindsey*, 45 Ind. 552.   This, however, is a general rule, to which there must be exceptions, and a case such as this constitutes an exception.   The grantors in a deed like the one before us could not demand performance until six months had elapsed in which there was a failure to use the property for the purpose specified, and when that time had elapsed the breach of the condition would be complete without a demand.   If a demand of performance should be deemed essential, then the result would be an extension of time beyond that expressly provided in the deed, and this would, in effect, add a new provision to the instrument. The grantors had no right to complain that there was a failure to perform until after the full expiration of the six months specified, and when that period had elapsed the right to insist upon a forfeiture became perfect by the terms of the deed. Nothing was needed to complete the right to enter for a breach. It is legally impossible to conceive it necessary that there should be a demand for performance, for none could be made until after the lapse of the time designated, and then performance according to the contract would be impossible. The case in hand is unlike those in which there is no specification of the act to be done, and no fixed limitation as to the time of performance ; and in our opinion it belongs to the class where a demand for performance is not essential to a right to enter for breach of condition.   1 Lead. Cases Real Prop. 145 ; 1 Smith Lead. Cases (7th ed.), top p. 124.

Where no definite act is fixed, and no precise time is limited for the performance, then a demand may be necessary ; but in the present case the provision is that if the grantee shall fail, neglect or refuse to perform the act specified within

a fixed and limited'time, the property shall revert. The act is designated, and the time for performance is limited and made of the essence of the contract; there is nothing, therefore, to be determined by a demand; all is determined by the lapse of time and a failure to perform, so that a demand of performance could subserve no useful purpose.

The rule in this State is that a demand for possession is equivalent to an entry. *Cory* v. *Cory, supra ; Indianapolis, etc., R. W. Co.* v. *Hood,* 66 Ind. 580; *Clark* v. *Holton,* 57 Ind. 564. It is sufficient to aver a demand, but the demand must be such as the law requires. This brings us to the second objection urged against the pleading, for, if the demand is not such as the law requires of the plaintiff, it can not take the place of an entry; on the contrary, it goes for nothing. It is not enough to aver a demand ; it must also be shown to be such as the law deems sufficient.

If it be true, as the appellee contends, that the complaint must show that the entry was for breach of condition, then it must follow that the pleading should show that the demand for possession was made upon the ground that there was a breach of condition. A demand sufficient to take the place of an actual entry must be placed upon the same grounds as are necessary to make an entry effective. We have, however, not been able to find any case sustaining the contention of the appellee, that it must be shown that the entry was for breach of condition ; on the contrary, it is held that an entry is sufficient without a declaration that it is for a breach of condition. The question was well discussed in *Bowen* v. *Bowen,* 18 Conn. 535, and it was held that it was not necessary to declare that the claim or entry was for a breach of condition, and, in the course of the opinion, it was said : " It does not seem to be necessary now, that the party should declare at the time, for what purpose he enters. Indeed, it is very doubtful, whether this was ever necessary, though it is so laid down in 1 Wms. Saund. 119, *n.* 1. Lord DENMAN, in *Doe* v. *Williams,* 5 B. & Adol. 783, says : 'If a party en-

ters to claim the premises as his own, it is not necessary for him to say, what particular act, adverse to his interests, he means to defeat.' And PARK, J., says, that the authorities cited in support of the note in Mr. Serjeant Williams' Saunders, do not support that proposition." In 1 Smith Leading Cases (7th ed.), top p. 124, is this statement: " In general, a grantee who has taken subject to a condition, must acquire all the information necessary for its performance, and no demand need be made or notice given before entry by the grantor." Our own case of *Clark* v. *Holton, supra,* impliedly at least, decides that it is not necessary that the entry or claim should be shown to have been made for breach of condition. Our conclusion on this point is that it is not necessary to aver that the claim to possession was made upon the ground that there was a breach of the condition, but that it is sufficient to show either an entry or a demand for possession.

There is a material difference between the first and second paragraphs of the complaint, for the latter paragraph avers that there was a demand for performance, and also avers that the entry was declared to have been made for a breach of condition, and, according to the ruling on the demurrer to the first paragraph, it would have been necessary for appellants to prove these averments, and a burden greater than that necessary to sustain a cause of action under the first paragraph was cast upon them. It can not, therefore, be justly said that the two paragraphs are the same, for the second requires more evidence than the first. There was material error in sustaining the demurrer to the first paragraph of the complaint.

We have pointed out the material difference between the two paragraphs of the complaint; in all other respects they are substantially alike. The answer of the defendants admits the execution of the deed, and that title was derived from it, admits the demand for possession, and alleges that no consideration was paid except the promise contained in the con-

dition embodied in the deed. It is alleged that the land was vacant when possession was taken under the deed, and was of the value of $3,000; that the car works company, with the intention to manufacture cars, did, in the spring of 1882, erect on the land brick buildings, for the manufacture of cars, at a cost of $20,000, and for a like purpose placed in said building machinery of the value of $15,000; that the company expended $20,000 in buying material out of which to manufacture cars, and placed it on the premises for use; that the company did manufacture one car complete, and three thousand axles and car wheels. It is further alleged that " it was contemplated by the plaintiffs and said car works company that said company should erect on said premises the buildings hereinbefore mentioned, and that said company should put in the machinery and fixtures and get together the material as hereinbefore set forth, so as to enable said company to manufacture railway freight cars; that it was known to and contemplated by said parties, that it would take said company at least four months to erect the said buildings and put in said machinery and fixtures; and defendants say that said buildings were erected on said premises, and machinery and fixtures put therein, within four months from December 1st, 1881, at a cost of $30,000; and that said buildings, machinery and fixtures still remain on said premises, and increase the value thereof $30,000; and they further say that all of said acts of said company in erecting said buildings and placing therein said machinery and fixtures, and the purchasing of said material, and the manufacture of said car wheels, were done in good faith, for the purpose of manufacturing cars; and that all of said acts were in furtherance of said purpose; and hence they say that said company did not fail for six consecutive months to use said real estate for the manufacture of cars."

This answer is sufficient, and there was no error in overruling the demurrer of the appellants.

Conditions subsequent are not favored, and courts will not divest an estate except in clear cases. A strict performance of the condition is not required; a substantial compliance is all that is necessary. In construing the provisions of the deed, a liberal construction will be adopted in favor of the grantee, and a strict one as against a grantor claiming a right to forfeit the estate.

The grantee, as the facts stated in the answer show, did use the property for the manufacture of cars. If the car company was engaged in making any part of a car they were engaged in the manufacture of cars within the meaning of the condition written in the deed, for that condition only requires that the land be used for the manufacture of cars. While engaged in the process of manufacturing cars the company was performing the condition, although no car had been fully completed within a period of six months. The condition does require that the business of manufacturing cars shall not cease for a continuous period of six months, but it does not require that any car shall be entirely built within that time. If the company did engage in the business of manufacturing cars, and did not for any period of six consecutive months cease to conduct that business, there can be no forfeiture for a breach of condition. There must, of course, be more than a mere pretence of manufacturing; the process in some of its stages must be actually carried on.

A breach of a condition does not of itself work a forfeiture of the estate; there must be a claim for possession, or an entry. The answer shows that one car was fully manufactured before any entry or demand, and this, of itself, averted the forfeiture, for it is well settled that performance before entry or demand will be sufficient.

The provision copied from the deed does not create a limitation, but is, in form and in substance, a condition subsequent. The estate created by the deed is upon a condition subsequent, and is not an estate by limitation. The rules applicable to estates upon condition subsequent govern both.

as to the construction of the deed and as to the question of the sufficiency of performance.

For the error in sustaining the demurrer to the first paragraph of the complaint the judgment must be reversed.

Filed June 18, 1884. Petition for a rehearing overruled Nov. 12, 1884.