Manifold *et al. v.* Jones.

No. 13,112.

## MANIFOLD ET AL. *v.* JONES.

REAL ESTATE.—*Lien Created by Will.—Notice to Purchaser.*—A purchaser of real estate is chargeable with knowledge of a lien created thereon by a will which constitutes a link in his chain of title.

SAME.—*Executor.—Charge Upon Land.—Extinguishment.—Innocent Purchaser.* —Where a testator devises land charged with the payment by the devisee of a sum of money to his estate, within a certain time, and the devisee, as executor of the will, charges himself with the sum to be paid by him, the charge on the land will be regarded as paid and extinguished as to subsequent good-faith purchasers.

SAME.—*Settlement with Residuary Legatee.—Acquittance.*—A settlement between the devisee executor and the residuary legatee of the testator's personal property, wherein the latter executes an acquittance for the amount charged upon the land devised to the testator, extinguishes the lien as against a subsequent good-faith purchaser.

SAME.—*Quieting Title.—Lien in Favor of Third Person.*—Where a complaint to quiet title alleges that the plaintiff is the owner of the land in fee, the defendant can not defeat the action by merely setting up an outstanding lien in favor of a third person.

SAME.—*Right of Heirs to Enforce Lien.*—Heirs or devisees can not set up and enforce a lien in favor of a testator's estate, to defeat an action by a purchaser to quiet title, at least not without showing that the executor has neglected or refused to do his duty.

SAME.—*Estate on Condition.—Forfeiture.*—An action to quiet title by one claiming the fee by conveyance from a devisee can not be defeated by the defendants on the ground that the devised estate was upon condition subsequent, unless they show that they are heirs and that they still own the reversion, as otherwise they are not entitled to enforce a forfeiture.

SAME.—*Re-Entry.*—Courts will not enforce a forfeiture of an estate upon condition subsequent where there has been no proper exercise of the right of re-entry.

From the Madison Circuit Court.

*M. S. Robinson* and *J. W. Lovett,* for appellants.
*C. L. Henry* and *H. C. Ryan,* for appellee.

ELLIOTT, C. J.—The complaint of the plaintiff, here the

appellee, is a complaint in the ordinary form to quiet title. The facts pleaded in the second paragraph of the answer and in the cross-complaint are substantially the same, and we give a synopsis of the facts stated in the answer. The facts pleaded are, in substance, these: Conrad Crossley died the owner in fee of the land in controversy. He left a will containing, among others, these provisions:

" Item 3d. To my son, Corydon W. Crossley, I give and bequeath the following real estate: The undivided one-half of the southwest quarter of section thirty-six, town.eighteen north, of range six east, also the sum of one thousand dollars, upon the following conditions: that he pay to my estate the sum of one thousand dollars upon the real estate already deeded to him, and the additional sum of one thousand dollars in consideration of the last above described real estate, said sum to be paid within ten years from the probating of this instrument."

" Item 8th. I give and bequeath to my beloved wife, Elvira, all my personal property after these bequests shall have been fulfilled, also the home farm on which we now reside during her natural life. At the death of my said wife I give and devise the real estate aforesaid to my daughter Caroline and my son Daniel Webster.

" Item 9th. The foregoing distribution will, in my judgment, equalize my property among my children, considering advancements already made to part of them not mentioned here. I do therefore give, devise and bequeath to my children aforesaid, and to their heirs, equally, the residue of my property and estate, both real and personal."

These are the only portions of the will set forth in the pleadings. Corydon W. Crossley was named as executor, the will was duly admitted to probate and he duly qualified. Corydon W. Crossley, after the testator's death, took possession of the land devised to him under the provisions of the will. Subsequently, he conveyed the land to James Jones, and by successive conveyances the land was conveyed to James H.

Jones, the appellee. The sum of two thousand dollars mentioned in the will has not been paid, although more than ten years have elapsed since the will was admitted to probate. The cross-complaint principally differs from the answer in its prayer, for it prays that a lien for the sum mentioned in the will may be established and enforced. The first paragraph of the reply alleges that Corydon W. Crossley charged himself as executor with the sum of two thousand dollars, and that in purchasing the property the purchaser relied upon this act. The second paragraph of the reply also avers that Corydon W. Crossley charged himself as executor with the sum mentioned in the will, that the purchaser relied upon this act, and it further avers that the estate is yet unsettled ; that he has fully settled with his mother, the widow of the testator, and that he has paid her all the money due her under the will and accounted to her for all property bequeathed to her. The third paragraph of the reply avers that the settlement was made with the widow.

An action to quiet title brings before the court the claims of all the parties, and they must be set up in that action. If there is a valid outstanding lien or title the plaintiff must fail, because he is not entitled to a decree cutting off such lien or title. *Indiana, etc., R. W. Co.* v. *Allen,* 113 Ind. 308.

If, therefore, there was a valid lien subsisting in favor of the appellants, the answer is good and the replies are all bad.

We have no doubt that the will charged the land devised to Corydon W. Crossley, nor do we doubt that this lien, unless paid or discharged, continued in force in favor of the estate of the testator as against purchasers from Corydon W. Crossley, for, as the will is one link in their chain of title, they are chargeable with knowledge of its provisions. *Porter* v. *Jackson,* 95 Ind. 210, and cases cited.

The leading question presented by the first and second paragraphs of the reply is, was the lien paid or discharged ? The will makes the sum charged on the land payable to the estate, and when it was paid to the estate the lien was extin-

guished. The first and second paragraphs of the reply show, in our judgment, that the sum charged on the land was paid. This we affirm for the reason that Corydon W. Crossley, the executor named in the will, represented the estate, and payment to him was payment to the estate. When he charged himself as executor with that sum, he paid the charge on the land, and thenceforth he and his sureties were liable on his bond. *Bona fide* purchasers, at all events, had a right to rely on his acts, for he represented the estate of the testator, and to no one else could payment have been rightfully made.

The questions presented by the third paragraph of the reply, while they mingle with those presented by the first and second paragraphs, are more difficult than the question we have discussed and decided.

The complaint avers that the plaintiff is the owner in fee of the land; that, although the defendants claim some interest in it, they have no title or interest nor any lien. These averments imply that the plaintiff owns the entire estate, free from any and all claims of the defendants. *Indiana, etc., R. W. Co.* v. *Allen,* 113 Ind. 581; *Dumont* v. *Dufore,* 27 Ind. 263.

The answer, if it avoids these allegations at all, avoids them, upon the theory of counsel, by showing that a third person has a lien; it does not show, however, that such a person has any title. The general rule is that a plaintiff in such an action as this must recover upon the strength of his own title, but we can not perceive how this rule can apply where the defendant does no more than show an outstanding lien in a third person who is not a party to the action. An answer by a party to the action, which confesses that the fee is in the plaintiff, may, *pro tanto,* defeat the action, where it shows that the defendant holds a lien; that is, it may, at least, secure to the lienholder a provision in the decree reserving, protecting or enforcing his lien. This, however, is not the case here, for the answer confesses that the fee is in the plaintiff, and that a stranger holds an outstanding lien. We suppose that a plaintiff owning the fee may have his title

quieted as against the persons made defendants, although a person not a party to the action may have a lien which he could enforce. The lien does not affect the title further than to create a burden on the land, for the owner of the fee has a perfect title as against all persons except the holder of the lien, and even as against the lienholder he has the title, subject only to the lien.

As the record presents this case, the plaintiff owns the fee, subject to a lien in a third person, and we can not conceive of any principle which will enable the defendants to employ that lien to defeat the owner of the fee. The plaintiff has title even as against the lienholder, subject, of course, to the lien, but not subject to the claims of any other person than the lienholder. The lienholder could unquestionably employ his lien to defeat a decree completely barring his rights; he could not, however, use it to directly and effectually destroy title. The lien is a claim that may be enforced, but it does not constitute a title to the land.

Regarding the claim created by the will as a lien, it must be held that, upon the facts stated in the pleadings, the only person who can enforce it is the representative of the testator, since the will expressly provides that the money shall be paid to his estate. There may possibly be cases where devisees, legatees or heirs can enforce a lien for money due the estate of a testator, but no such case is made by the answer. The general rule is that only the administrator or the executor can enforce such a lien, and to take a case out of this general rule, if that be conceded to be possible, facts constituting the case an exception must be pleaded. *Humphries* v. *Davis*, 100 Ind. 369; *Williams* v. *Riley*, 88 Ind. 290; *Begien* v. *Freeman*, 75 Ind. 398; *Westerfield* v. *Spencer*, 61 Ind. 339; *Ferguson* v. *Barnes*, 58 Ind. 169.

We know of no rule that will permit heirs to enforce a lien where there is an executor, unless there is some allegation showing a neglect of duty on the part of the executor. Granting that the heirs may enforce a lien where the executor

neglects or refuses to do his duty, they must, at least, show such neglect or refusal. We do not, however, assert that such an allegation would be sufficient, for it is enough to here declare that without such an allegation the heirs or devisees certainly have no such right. The answer before us does not contain this, or any similar allegation. It does not, indeed, aver that the defendants are the heirs, legatees or devisees of Conrad Crossley. So far as we can know from the record they are strangers. The complaint does not show what relation, if any, the defendants bore to the testator; on the contrary, it avers, as we have seen, that the plaintiff is the owner in fee of the land, and that they have neither title nor interest in the land nor any lien upon it.

If the will creates a lien on the land in favor of the estate of the testator, then it is evident that the third reply is good, irrespective of the allegations concerning the settlement with the widow as the residuary legatee, for it shows that there was a representative of the testator's estate, and if there was an executor, he was the proper party to enforce the lien. If he failed in his duty, he might have been removed; or if he had been discharged, an administrator *de bonis non* might have been appointed. In truth, the answer is bad, if it be assumed that the will creates a lien, and a bad reply is good enough for a bad answer.

What we have said fully disposes of the questions arising on the cross-complaint and the answers to it, for the cross-complaint proceeds on the theory that the provisions of the will create a lien, and the relief sought is that the lien be enforced against the land. It is a settled rule that a pleading must be good on the theory on which it assumes to proceed, or it will not be good at all. *Mescall* v. *Tully*, 91 Ind. 96, and cases cited; *First Nat'l Bank* v. *Root*, 107 Ind. 224; *Lane* v. *Schlemmer*, 114 Ind. 296.

There is, however, another phase of the case which requires consideration. The appellants' counsel say: "Under item 3 of the will Corydon W. Crossley took a conditional fee

in the real estate deeded to him, dependent upon his paying to the estate of Conrad Crossley $1,000 within ten years from the time of probating the will, and that sum was a charge and lien upon the real estate to be enforced against Corydon W. Crossley or any other person claiming title under him; that Corydon W. Crossley could discharge the condition of the bequest only by the payment of the $1,000 to the estate of Conrad Crossley; that as Corydon Crossley could only acquire title to the real estate under the will by complying with its conditions, his grantees, immediate or remote, were purchasers with notice, and took the land subject to the charge thereon, which can be enforced as a lien against the land at any time." This outlines the theory of the appellants, and it is the theory developed in their argument. By this theory they are bound, since parties are held to the theories they adopt, and the court is only required to pass upon such points as are made in argument. *Louisville, etc., R. W. Co.* v. *Wood,* 113 Ind. 544 (564); *Carver* v. *Carver,* 97 Ind. 497 (516).

Deciding, as we must and as we do, that the appellants are held to the theory constructed and presented by them, we must hold that, as that theory is that the will created a lien on the land, we can not with propriety reject that theory and advance one of our own, in order to reverse the judgment. We are, therefore, certainly not bound to inquire whether the will created an estate upon condition, which might be defeated by the failure to perform the condition, and this question we are not compelled to decide.

If we should, however, assume that the question is presented whether the devise was purely a conditional one, and should also assume that the estate was upon condition, still, we do not perceive how the appellants would be benefited. A condition once performed is gone forever, and if the money was once paid the condition perished. But more than this: "Conditions are reserved only to the grantor and his heirs. They can not be reserved for the benefit of third persons. As

a general rule, therefore, only the grantor and his heirs have a right to enter upon condition broken, and they lose their rights, if they should convey away the reversion in them." Tiedeman Real Prop., section 277. To make the pleadings of the appellants good, it would, therefore, be necessary to add to them very material allegations, for they should show the heirship of the parties and that they still owned the reversion. If there is a conditional estate, then the condition is subsequent and not precedent, and the devisee had a right to convey subject to the condition, and the estate could be defeated only at the election of the parties entitled to enter. Tiedeman Real Prop., sections 271, 277.

It would be necessary, even upon the hypothesis that the will created an estate upon condition, to show that the appellants had a right to defeat the estate, but this they do not do ; on the contrary, they do not meet the allegation in the complaint that the appellee owns the fee, for all that they aver may be true and still the appellee have a right to quiet his title as against them. It is, of course, not possible for him to quiet his title as against persons not parties to the action, but he may, under the pleadings, quiet it as against the appellants, since, for anything that appears, they have no title at all and the appellee has the fee.

The view we have taken renders it unnecessary for us to decide whether the appellee's counsel are right or wrong in asserting that "The testator simply desired to state that his son owed him $2,000, and that it was to be taken into account in the settlement with him." We have not discussed objections made by appellee's counsel to the assignment of errors, and to the answer as being only a partial answer when it purports to be a complete one ; nor have we discussed their point that the answer and cross-complaint are bad because they are joint, and the only right at all shown in the pleadings is not a joint right possessed by all the pleaders, although these objections are not only plausible but forcible.

We incline to the opinion that the appellee's contention

that all the evidence is not in the record should be sustained. There is no statement upon this point authenticated by the judge, as the law requires, nor is the evidence incorporated in a bill of exceptions. *Colt* v. *McConnell*, 116 Ind. 249; *Wagoner* v. *Wilson*, 108 Ind. 210.

In *McCormick, etc., Co.* v. *Gray*, 114 Ind. 340, the evidence was incorporated in the bill of exceptions. But conceding, although not deciding, that the evidence is properly in the record, the judgment must be affirmed upon the merits. Conceding still further, that the will created an estate upon condition subsequent, and that the appellants are the heirs of Conrad Crossley, the judgment is right, because there are no facts proved showing a proper exercise of the right of re-entry (supposing such a right to exist), and courts will not enforce a forfeiture where such facts are absent.

Payment to the widow might, under the will, have been proper. If it was proper, and the executor did make it, then against the heirs (however it might be as to creditors), and in favor of a *bona fide* purchaser, the payment extinguished the condition, and a condition once gone is gone forever. If the executor erred in making the payment, it is doubtful if, as in favor of the heirs and against a *bona fide* purchaser, the estate could be forfeited.

The entire will is in evidence, and one item of it makes the widow the residuary legatee of all the personal property, and a settlement with her as such residuary legatee, evidenced by her acquittance reciting in full what Corydon W. Crossley had paid and had done, protects an innocent purchaser who bought in good faith, relying upon her acquittance, without notice and for full value, and such a purchaser is the appellee. Even if Corydon W. Crossley had been guilty of some wrong, the innocent purchaser should not suffer, since it was the residuary legatee who put it in his power to do the wrong. *Quick* v. *Milligan*, 108 Ind. 419; *Lucas* v. *Owens*, 113 Ind. 521.

We do not, however, mean to say that the evidence proves

that he did do wrong; on the contrary, we think that the evidence shows that he was not guilty of any wrong invalidating the settlement or acquittance. If he made a satisfactory settlement with the widow, that will protect *bona fide* purchasers. It is, indeed, doubtful whether the heirs could in any event disturb that settlement, for it seems probable that if wrong was done, then their remedy would be on the bond.

Courts do not favor the forfeiture of estates for a breach of a condition subsequent, but adjudge a forfeiture with reluctance, and only in clear cases, and, surely, this is not such a case.

What we have said in discussing the pleadings shows that there is no lien which the appellants can enforce. In addition to what has been said, we may properly say that payment to the residuary legatee, or a settlement with her, extinguished the lien as against a good-faith purchaser.

Judgment affirmed.

Filed Jan. 31, 1889.