## PRESTON ET AL. v. BOSWORTH.

[No. 19,132. Filed November 16, 1899.]

DEEDS.— *Condition Subsequent.— Forfeiture.— Pleading.*—A complaint in an action by grantor to recover the title to real estate alleged to have been forfeited by reason of the breach of a condition subsequent contained in the deed is insufficient, where it fails to allege reëntry, or that reëntry was prevented and that possession was demanded and refused.

From the Madison Circuit Court. *Reversed.*

*J. R. Thornburgh, M. A. Chipman* and *D. H. Fernandes,* for appellants.

*Howell D. Thompson* and *Finley H. Gray,* for appellee.

BAKER, J.—Suit by appellee to recover an estate, claimed to have been forfeited by appellants by reason of the breach of a condition subsequent. Demurrer to complaint overruled. Trial and judgment for appellee. Motion for a new trial overruled.

The facts pleaded in the complaint are these: On May 19, 1892, appellee owned certain land in Madison county. On that day he executed to appellants a warranty deed of the. land. His wife, who has since died, joined in the conveyance. The statutory form for a warranty deed was used. Following the description of the land, appears this condition: "This conveyance is made to the grantees to enable them to

open and operate a well thereon for medicinal water, gas or oil; and, if said well shall be at any time abandoned, the title shall at once revert to and vest in the grantors as heretofore held by them; and, as long as said well shall be used, the grantors shall have the privilege of taking water therefrom for the use of himself and family, but not for using oil or gas therefrom." Appellants properly constructed a well to a proper depth, but failed to find medicinal water, gas, or oil. About September 1, 1892, appellants abandoned the well and land, gave up their intention to establish a well or to use the land, removed from this State, and have done nothing since towards improving the well or the land.

A breach of the condition subsequent is pleaded. But a breach does not complete a forfeiture. A breach may be waived, and is not, therefore, self-operative to devest the grantee's title. If not waived, a breach may be made the occasion of reëntry and enforcement of forfeiture. A complaint must exhibit a complete right of action. For failure to allege reëntry, or its equivalent (that reëntry was prevented and that possession was demanded and refused), this complaint is deficient. *Schuff* v. *Ransom*, 79 Ind. 458; *Cory* v. *Cory*, 86 Ind. 567; *Ellis* v. *Elkhart, etc., Co.*, 97 Ind. 247; *Elkhart, etc., Co.* v. *Ellis*, 113 Ind. 215; *Manifold* v. *Jones*, 117 Ind. 212.

As a new trial can not be had upon this complaint, it is unnecessary to consider the grounds of the motion.

Judgment reversed, with directions to sustain the demurrer to the complaint.