Van Horn v. Mercer.

---

## VAN HORN ET AL. *v.* MERCER, GUARDIAN.

[No. 4,000. Filed June 5, 1902.]

APPEAL AND ERROR.—*Complaint.*—An assignment on appeal that a separate paragraph of complaint does not state facts sufficient to constitute a cause of action, presents no question for review. *p. 279.*

ACTION. — *Demand.*— *Deeds.*— *Breach of Contract.*—Where land was conveyed under an agreement that the grantee was to support the grantor during life, the sale and conveyance of the land by the grantee will be considered a renunciation of the agreement, and a demand is not necessary before suit for the breach of the agreement. *pp. 279, 280.*

DEEDS. — *Condition Subsequent.* — *Contracts.* — *Liens.* — Contemporaneously with a deed of conveyance the grantee executed an agreement to support the grantors during their lifetime, "and until said conditions are fully complied with, this agreement shall be a lien on said above described lands to the full sum of $800." *Held,* that the deed and agreement did not create an estate upon a condition subsequent, but merely created a lien on the land for the specific sum named. *pp. 280–284.*

From Allen Circuit Court; *E. O'Rourke,* Judge.

Suit by Robert Mercer, guardian of Phœbe C. Van Horn, against James Van Horn and others for breach of contract to support ward, and to set aside a deed of conveyance. From a judgment for plaintiff, defendants appeal. *Reversed.*

*J. A. Connelly* and *W. G. Colerick,* for appellants.
*J. H. Aiken* and *R. Dawson,* for appellee.

ROBINSON, J.—April 3, 1893, William Van Horn executed his will, devising to his wife Phœbe C. Van Horn all his real and personal property, giving her the "absolute sole control and management" of all his estate "so long as she may live, or remain my widow." His will was admitted to probate, September 11, 1899. March 23, 1898, William Van Horn and Phœbe C. Van Horn, "in consideration of $800, to them paid by James Van Horn and Emma Van Horn, the receipt whereof is hereby acknowledged, do grant, bargain, sell, and convey to the said James Van Horn and Emma Van Horn, their heirs and assigns forever, the following real estate [giving particular description of land conveyed] * * *. The grantors, their heirs and assigns, hereby covenanting with the grantee, their heirs and assigns that the title so conveyed is clear, free, and unencumbered; that they are lawfully seized of the premises aforesaid as of a sure and indefeasible estate of inheritance in fee simple, and that they will warrant and defend the same against all claims, whatever." Signed and acknowledged by the grantors. On the same day the grantees signed and acknowledged in duplicate the following: "This agreement witnesseth, that James Van Horn and Emma Van Horn, of the county of Allen and State of Indiana, in consideration of a warranty deed executed to them by William Van Horn and Phœbe C. Van Horn, of the county of Allen and State of Indiana, for the following real estate, [land described in deed]. Now, in consideration of said deed for said described land, said James Van Horn and Emma Van Horn hereby agree to care for, and provide for the said William Van Horn and Phœbe C. Van Horn a good and comfortable living during their lifetime; to furnish them with necessary clothing and victuals, and all things necessary to render them a comfortable living during their natural life; to pay all expenses of doctor bills; to care for them properly in sickness; and at their decease to have them decently buried; and until said conditions are fully complied

with this agreement shall be a lien on said above described lands to the full sum of $800." William Van Horn died April 2, 1898. His widow, by her guardian, avers in the first paragraph of complaint that the grantees had failed to comply with their agreement, and on September 7, 1899, without the knowledge or consent of appellee or his ward, and without making any provision for the support or maintenance of the surviving grantor, deeded the land to one Eigenberg, who had knowledge of the agreement and of the facts, and asks that the deed to the grantees and their deed to Eigenberg be canceled, and for possession. The second paragraph of complaint asks a foreclosure of the lien mentioned in the agreement made by the grantees. There was a trial by the court, and a decree on the first paragraph of the complaint setting aside and vacating both deeds.

Appellee's complaint is in two paragraphs. The first error assigned is that the first paragraph of the complaint does not state facts sufficient to constitute a cause of action. An assignment relating to a separate paragraph of complaint does not present any question. *Carr* v. *State, ex rel.,* 81 Ind. 342; *Trammel* v. *Chipman,* 74 Ind. 474; *Board, etc.,* v. *Tichenor,* 129 Ind. 562; *Louisville, etc., R. Co.* v. *Norman,* 17 Ind. App. 355.

It is argued that there is no evidence of any demand for the performance of the contract to support the grantor. The condition to be performed was a continuous and fixed duty. Its performance did not depend upon anything to be done by the party entitled to insist upon performance. The grantee knew what was to be done, and there was nothing to be determined by a demand. The legitimate object of a demand is to enable a party to discharge his liability without a suit. From the nature of the duty to be performed the grantee had no right to expect a demand, and could not be injured by the omission to give it. The sale of the land by the grantee must be considered a renunciation of the contract by him. As it was the grantee's duty to perform the condi-

tion without any demand, it is not necessary to show that a demand was made before suit was brought. Some of the earlier cases seem to hold that there must be a demand of performance of the condition. *Cory* v. *Cory,* 86 Ind. 567; *Lindsey* v. *Lindsey,* 45 Ind. 552. But the later cases announce the rule as above stated. *Richter* v. *Richter,* 111 Ind. 456; *Royal* v. *Aullman, etc., Co.,* 116 Ind. 424, 2 L. R. A. 526; *Cree* v. *Sherfy,* 138 Ind. 354.

It is true the condition may be waived by the party having the right to avail himself of it; yet, mere indulgence or silent acquiescence will not amount to a waiver unless some element of estoppel can be invoked. *Carbon Block Coal Co.* v. *Murphy,* 101 Ind. 115; *Royal* v. *Aultman, etc., Co., supra.* The grantee had voluntarily sold the land without the knowledge or consent of appellee or his ward, and without making any provision for her support. "The grantee having abandoned the land," said the court in *Richler* v. *Richter, supra,* without sufficient excuse, and without offering to perform a continuous and fixed duty which rested upon him, no demand for performance was necessary in order to entitle the grantor to reënter." See, also, *Ellis* v. *Elkhart, etc., Co.,* 97 Ind. 247.

The decree of the trial court seems to have been rendered upon the theory that the land was held upon a condition subsequent, and that there having been a breach of the condition, the estate became forfeited. But there is no evidence in the record of any reëntry made, or of anything having been done equivalent to a reëntry or demand for possession of the land or its reconveyance. A breach of a condition subsequent is not self-operative to devest the grantees' title, because the breach may be waived. It will not of itself work a forfeiture. In *Clark* v. *Holton,* 57 Ind. 564, the court said: "It is well settled that, to enable the grantor or his heirs to recover back a tract of land, because of a forfeiture of a condition subsequent, an entry upon, or claim to the land must be made before the commencement of the action.

\* \* \* Under our system of jurisprudence, a demand of possession is equivalent to an entry on the premises." See, also, *Ellis* v. *Elkhart, etc., Co.,* 97 Ind. 247; *Richter* v. *Richter,* 111 Ind. 456.

In *Manifold* v. *Jones,* 117 Ind. 212, it is held that a court will not enforce a forfeiture for breach of a condition subsequent unless it is shown that there has been a proper exercise of the right of reëntry.

In *Preston* v. *Bosworth,* 153 Ind. 458, 74 Am. St. 313, suit was brought to recover an estate claimed to have been forfeited by reason of the breach of a condition subsequent. The complaint was held insufficient because it failed to "allege reëntry, or its equivalent (that reëntry was prevented and that possession was demanded and refused)."

In *Elkhart, etc., Co.* v. *Ellis,* 113 Ind. 215, the court said: "An estate upon condition subsequent does not fail until there has been a breach of the condition and a demand or reëntry. Both these things must concur to revest the title in the grantor."

It is true the grantee had sold the land to a purchaser who, there is evidence to show, had notice of the condition upon which his grantor held the land. But the same reasoning that requires a demand for possession or a reconveyance from the original grantee would apply to this purchaser from the grantee. He should have been given an opportunity to make restitution before being put to the expense of a suit. But construing the deed and the agreement together, they having been executed concurrently as parts of the same transaction, and relating to the same subject-matter *(Leach* v. *Leach,* 4 Ind. 628, 58 Am. Dec. 642), we think we are precluded from saying that the land was held upon a condition subsequent. It has long been held that conditions subsequent, because they tend to destroy estates, are not favored in law, and are to be strictly construed against the grantor and his heirs. *Hunt* v. *Beeson,* 18 Ind. 380; *Manifold* v. *Jones,* 117 Ind. 212. This being true, it should

be held that the deed and agreement did not create an estate on condition unless their terms will admit of no other reasonable interpretation. *Rawson* v. *School District, etc.,* 7 Allen 125, 83 Am. Dec. 670; *Ayer* v. *Emery,* 96 Mass. 67; *Studdard* v. *Wells,* 120 Mo. 25, 25 S. W. 201.

The parties made a contract which must be construed according to its terms. They expressly stipulated that "until said conditions are fully complied with this agreement shall be a lien on said above described lands to the full sum of $800." The duty that the grantees obligated themselves to perform was a continuous one beginning at the time of the execution of the contract and ending at the death of the grantors. The language used manifestly means that when the grantees failed to do what they had agreed to do, the grantors should have a lien on the land to the amount named. The parties had the right to make the contract they did make, and it seems to us it is capable of but one construction. The grantees could prevent the lien becoming effective, but they agreed that if it should become effective it should be for a stipulated amount. The agreement expressly states that until the conditions are fully complied with the agreement should be a lien upon the lands to the full sum of $800. The agreement particularly describes the land, and was signed and duly acknowledged. By its terms it created a lien for the sum named. The amount of the lien is fixed at $800. This would be the amount due whenever there was a failure to carry out the conditions of the contract. And when a breach of the contract occurred this lien might be enforced for that sum, without reference to any prior observance of the contract. The agreement is that upon breach at any time it shall be a lien to the full sum of $800. The consideration named in the deed is $800, but the evidence shows that the only consideration was this agreement. The intention was evidently to create a lien upon the land for the amount of the purchase money, in the event the agreement was not fulfilled.

Applying to the deed and agreement the rules of interpretation which govern in determining whether a conveyance is absolute or conditional, we can not say that the parties intended that the grantees should hold the land by a defeasible title. It is not provided that upon failure to perform the conditions named the deed shall be void; no words are used indicating that the parties intended there should be a forfeiture of the estate if the conditions were not performed; there is nothing to indicate that the parties intended the estate should be held upon condition. Thus in *Ellis* v. *Elkhart, etc., Co.,* 97 Ind. 247, the deed was "on condition" that if the grantee failed the "real estate shall revert to the grantors." In *Preston* v. *Bosworth,* 153 Ind. 458, upon failure by grantee "the title shall at once revert to and vest in the grantors." In *Royal* v. *Aultman, etc., Co.,* 116 Ind. 424, if the grantee failed the grantor might revoke the conveyance by repaying the amount and placing upon record a written declaration revoking the deed, and, upon making and recording such declaration and repayment of money paid, the conveyance was "to become null and void," and the title revert to the grantor. In *Carbon Block Coal Co.* v. *Murphy,* 101 Ind. 115, upon breach of the condition the "estate shall become forfeited" to the grantor, who might reënter, take possession, and hold the estate as if the conveyance had not been made.

It is quite true that no particular form of words is necessary to create an estate upon condition, if it "plainly appears from the words used that the intent of the parties was to create an estate of that description." *Richter* v. *Richter,* 111 Ind. 456; *Stilwell* v. *Knapper,* 69 Ind. 558, 35 Am. Rep. 240. But in construing the deed and agreement in the case at bar, effect must be given to the real intention of the parties as it may be gathered from the language of the whole of both instruments. Not only is there an absence of any language indicating that the parties intended there should be a forfeiture, but they have expressly agreed as to their

future relations concerning the particular subject-matter in the event there should be a failure to fulfill the agreement.

In *Richter* v. *Richter, supra,* the consideration for the deed was that the grantee agreed to support, maintain, and care for the grantor, who was the grantee's father, during his natural life. As a part of the same transaction the grantee executed to the father what purported to be a mortgage intending to cover the same land. The mortgage recited that it was "to secure the payment when the same becomes due, of taking care of" the grantor during his life, including boarding, lodging, and washing, medical attendance, and burial expenses, and to pay some debts the grantor then owed. It was there held that the grantee held the land upon a condition subsequent, upon breach of which the grantor was authorized to reënter for condition broken, and that was held to be especially true in that case as the grantor had reserved "no other effectual remedy for the enforcement of performance on the part of the grantee." The so-called mortgage was held to be practically inoperative as a security, for the reason that in a proceeding to foreclose for failure to perform the covenants, it could not be ascertained what would be due, or what would be the measure of recovery. But in the case at bar the parties have stipulated the amount that shall be due at any time there is a failure to perform the covenants in the agreement, and in a proceeding to enforce the lien the amount due is fixed. The grantors reserved to themselves an effectual remedy for the enforcement of the obligations assumed by the grantees, without resorting to a forfeiture of the estate granted.

The motion for a new trial should have been sustained. Judgment reversed.